# IN THE COURT OF APPEALS OF IOWA

No. 13-1545
Filed May 29, 2014

IN RE THE MARRIAGE OF DENNIS DORMAN
AND JAKELINE DORMAN

Upon the Petition of
**DENNIS DORMAN,**
        Petitioner-Appellant,

**And Concerning**
**JAKELINE DORMAN,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Polk County, Carla T. Schemmel,

Judge.


        Dennis Dorman appeals the district court's denial of his application to

modify visitation and application for rule to show cause.  **AFFIRMED.**


        Eric Borseth and Judy Johnson of Borseth Law Office, Altoona, for

appellant.

        Elizabeth Kellner-Nelson of Kellner-Nelson Law Firm, P.C., West Des

Moines, for appellee.


        Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**VOGEL, P.J.**

Dennis Dorman appeals the district court's denial of his application to modify visitation and application for rule to show cause. Dennis alleges the district court abused its discretion in denying his request to hold his former wife, Jakeline Dorman, in contempt, and that it used an incorrect legal standard when concluding a substantial change in circumstances was not shown such that the visitation schedule should be modified. Both Dennis and Jakeline request the award of appellate attorney fees. The district court described both parties' behavior as "hostile and uncooperative." We agree, and therefore conclude the court did not abuse its discretion in denying Dennis's application for rule to show cause, as well as properly concluded no material change in circumstances occurred warranting modification of the visitation schedule. Consequently, we affirm. We also decline to award appellate attorney fees to either party.

**I. Factual and Procedural Background**

Dennis and Jakeline were married in 2004 and have twin daughters, born in 2005. In February of 2007 the marriage was dissolved. After a hearing, the decretal court awarded the parties joint legal custody and granted Jakeline physical care subject to Dennis's visitation rights. On Jakeline's appeal, our court modified Dennis's visitation schedule, but affirmed the decree in all other respects. In October 2007, Jakeline moved from Polk County to North Liberty, Iowa, and the dissolution decree was modified pursuant to the agreement of the parties. The modification order granted Dennis visitation every other weekend from Thursday at 7:00 p.m. until Sunday at 5:00 p.m. until the children began kindergarten, at which point Dennis would have the children every other weekend

from Friday at noon, or whenever his workday ends, until Sunday at 5:00 p.m. The holiday visitation schedule was also modified.

Throughout the pendency of these proceedings, the record is replete with evidence as to how the parties have demonstrated a lack of communication and distaste for each other. Visitation exchanges have been difficult, though neither party claims the other has interfered with their court-ordered visitation. Unpleasant text messages have been exchanged. However, the district court did note that the parties' "despicable" behavior toward each other has been "primarily kept . . . away from the children."

As a result of the parties' inability to get along, on August 13, 2013, Dennis filed an application to modify the decree, requesting the visitation schedule be modified. While the application to modify was pending, Dennis filed an application for rule to show cause, which included fifty-seven counts of contempt. The application alleged Jakeline refused Dennis's requests for additional visitation, failed to notify Dennis of the children's medical appointments and extracurricular activities, and interfered with Dennis's relationship with the children.[1] On May 8, 2013, Dennis amended the application, adding seven more counts of contempt. Jakeline filed an application for rule to show cause as well, alleging Dennis called her bad names, failed to notify her of the children's extracurricular activities, failed to notify her of the children's injuries and accidents, and failed to provide dental coverage.

---

[1] This is Dennis's second application for rule to show cause. In October 2008, Dennis requested Jakeline be held in contempt for failing to notify Dennis of medical appointments and for failing to provide him with her address. The court granted Dennis's application and held Jakeline in contempt.

A hearing was held on June 12 and 13, 2013, on both applications for rule to show cause and Dennis's application to modify. On September 10, 2013, the court issued a ruling denying the application to modify as well as both parties' contempt actions, holding there was no material change in circumstances warranting modification. The court further found neither party had carried their burden of showing the other had engaged in a willful violation of a court order. Dennis appeals, asserting the district court abused its discretion in denying the contempt action and applied the wrong standard of proof when denying his application to modify visitation.

## II. Contempt Action

We review the district court's refusal to hold a party in contempt for an abuse of discretion, "and unless this discretion is grossly abused, the [district court's] decision must stand." *In re Marriage of Swan*, 526 N.W.2d 320, 327 (Iowa 1995) (internal citation omitted). The party requesting that another party be held in contempt has the burden of proving the contemnor had the duty to obey a court order but willfully failed to perform that duty. *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998). Once a violation of a court order has been shown, the burden shifts to the contemnor to produce evidence demonstrating the violation was not willful. *Id.*

In denying the contempt action, the district court stated:

> At trial, both parties introduced evidence of text messages they alleged substantiated their claims, but also showing instances in which the parties were able to cooperate in at least working out scheduling issues. The court found both parties' testimony less than credible at trial, particularly when they were testifying about each other. They both have continued to demonstrate the lack of respect they have for each other and their almost total inability to

> work together to parent their children. Both parties are responsible for their own behavior which has lead to their dysfunctional relationship, but the court in unable to fault one party more than the other for the resulting consequences of this behavior.
>
> . . . .
>
> In this case the court finds that both parties have behaved despicably to the other, although they have primarily kept these acts away from the children. The court, however, cannot find that Dennis or Jakeline has proven beyond a reasonable doubt that the other has willfully failed to abide by a court order, or that she or he did so for a bad or evil purpose. It is unfortunate that neither party is living up to the expectations of mutual parenting contemplated by joint legal custody as set out in their Decree, but there is insufficient evidence in this case for the court to hold either party in contempt

As an initial matter, we defer to the credibility determinations of the district court. *See In re Marriage of Fennelly*, 737 N.W.2d 97, 101 (Iowa 2007). Moreover, upon review of the record, we agree with the court Dennis failed to carry his burden of proof. Each party is at fault for creating such a hostile environment and putting their own disputes ahead of doing what is best for the children. We find no abuse of discretion in the district court's decision, and consequently, we affirm the order denying Dennis's contempt action.

## III. Application to Modify Visitation

We review the ruling on an application to modify de novo. *In re Marriage of Brown*, 778 N.W.2d 47, 51 (Iowa Ct. App. 2009). To succeed on an application to modify visitation, the movant must establish by a preponderance of the evidence there has been a material change in circumstances since the entry of the original decree and that a change in the visitation schedule is in the children's best interest. *Id.* at 51–52. However, compared to custody modification proceedings, this is a much less demanding burden of proof. *Id.* at 51.

Though the district court cited cases relating to the modification of custody arrangements, on our de novo review, we nonetheless conclude Dennis failed to show a material change in circumstances occurred such that the visitation schedule should be modified. When the parties have continuously had an extremely strained relationship, the fact the parties continue to experience difficulty with each other does not amount to a material change in circumstances. *See generally Donovan v. Donovan*, 212 N.W.2d 451, 453 (Iowa 1985) (noting that, to warrant a modification of the visitation schedule, there must be a material change in circumstances since entry of the original decree).[2] Here, the parties' relationship has remained consistently strained since they divorced. Their behavior toward each other has not deteriorated significantly; rather, it has simply remained hostile. As the district court noted, "[t]his is not a substantially changed circumstance, but rather a tragic but continuing circumstance, and as such it does not warrant modification of the Decree."

Moreover, it does not appear to be in the best interests of the children to modify the visitation schedule. Both parties testified the girls are well-adjusted, happy, and energetic. The children were seeing a counselor beginning in 2010, but according to the parties' testimony, the children have not needed to see the counselor "for quite some time." Furthermore, the district court noted the parties' behavior toward each other has been "primarily kept . . . away from the children." Consequently, we conclude Dennis did not carry his burden of proof showing

---

[2] Dennis relies on an unpublished case from this court to compare degrees of noncompliance with visitation. However, we review the facts germane to each case, and while an unpublished case may be persuasive, it is not controlling legal authority. *See* Iowa R. App. P. 6.904(2)(c).

there has been a material change in circumstances and that modification of the visitation schedule is in the children's best interest. We therefore affirm the district court's denial of his application to modify.

## IV. Appellate Attorney Fees

Both parties request the award of appellate attorney fees. Appellate attorney fees are not a matter of right but rest within our discretion. *In re Marriage of Kurtt*, 561 N.W.2d 385, 389 (Iowa Ct. App. 1997). "In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal." *Id.* Upon consideration of these factors, and in light of the financial circumstances of both parties, we decline to award appellate attorney fees to either party.

Costs of this appeal assessed one-half to each party.

**AFFIRMED.**