# IN THE COURT OF APPEALS OF IOWA

No. 15-1003
Filed March 23, 2016

IN RE THE MARRIAGE OF KAREN A. TAYLOR
AND TIMOTHY D. TAYLOR JR.

**Upon the Petition of**
**KAREN A. TAYLOR,**
        Petitioner-Appellee,

**And Concerning**
**TIMOTHY D. TAYLOR JR.,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Dallas County, William C. Ostlund,

Judge.


        The father appeals the district court's modification of joint physical care of

the minor children and granting the mother physical care.  **AFFIRMED.**


        Thomas M. Boes of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des

Moines, for appellant.

        Eric Borseth of Borseth Law Office, Altoona, for appellee.


        Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Timothy Taylor appeals the district court's modification of joint physical care of his and Karen Taylor's minor children, which granted Karen physical care. Timothy claims no substantial change in circumstances occurred such that a modification of the physical care arrangement was warranted. The district court found such a change based on the level of discord between the parties and their deteriorated ability to co-parent the children. We agree that it is in the children's best interests the decree be modified and therefore affirm.

**I. Factual and Procedural Background**

The parties were married in 1997. One child, T.T., was born in 1998. Another child, A.T., was born in 2006. In May 2011, the marriage was dissolved. The decree granted the parties joint legal custody and joint physical care of the children, an arrangement that initially proved to be successful. In 2012, Timothy began a relationship and cohabitation with Amy Lundstrum. The otherwise amicable cooperation between Timothy and Karen as co-parents began to crumble to the point where Karen filed a petition to end the decreed joint physical care, seeking physical care of the children. Timothy resisted. After a hearing in March 2015, the court granted Karen's petition by written ruling on May 11, 2015. Timothy appeals.

**II. Standard of Review**

We review modification of custody proceedings de novo. *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (2015). While we are not bound by the district court's findings of fact, we accord them weight; additionally, the best interest of the children is our primary consideration. *Id.*

### III. Substantial Change in Circumstances

Timothy asserts no substantial change in circumstances occurred such that a change in the joint physical care arrangement was warranted.

To modify a custody decree:

> [T]he applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children. A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being.

*In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983).

The district court found Timothy's relationship with Amy, which began in 2012, "signaled the deterioration of [the joint physical care] arrangement." When Timothy ended their cohabitation in November 2012, the previously well-functioning, co-parenting returned. It ceased again when Timothy and Amy decided to move back in together in December 2013. As the district court found: "A reoccurring factor of abrasion and influence in this matter is Amy Lundstrum. For whatever reasons, the shared parenting arrangement appears to have deteriorated with the permanent insertion of Amy into Tim's life."

Fortunately, the parties have been able to shelter A.T. from much of the stress of the adults' relationships. T.T., however, has not been so fortunate. Due to Timothy's choice to put Amy's interests ahead of T.T.'s interests, the father-son relationship came to a standstill. T.T. has not had much, if any, contact with Timothy since September 2014. While the record is replete with

examples of the poor dynamics between the parties—as well as the adverse effect this has had on T.T., and to some extent, A.T.—it would serve no purpose to repeat that which the district court has already noted. However, we concur with the district court's finding that the father-son relationship has "been significantly eroded," with Timothy unable to understand his role in bringing about such a dramatic rift.

To help sort out the best interests of the children, a guardian ad litem (GAL) was appointed. After reviewing her work with the parties and the children, the district court stated:

> [H]er involvement, investigation and perception of the parties is extremely comprehensive and intuitive. While the Court does not consider the findings of facts as evidence in this case, the Court does find her analysis to be consistent with this Court's consideration of the evidence presented at the time of trial.

Indeed, the GAL's written report was detailed and extensive. In part, she wrote:

> Tim does not seem to have an appropriate understanding of his children's emotional needs. Nor does Tim appear to be able to prioritize his children's needs over his own. He is not interested in co-parenting with Karen. His decisions have ruined his relationship with his son.
> . . . .
> Continued joint physical care will not work in this case due to the breakdown in the father's relationship with the son; and the breakdown in the parties' ability to co-parent the children. A primary caregiver must be designated.

The district court agreed, and found a material change of circumstances meriting modification.[1] These circumstances include the fact Timothy and Amy professed to be in a permanent relationship, which led to the breakdown of Timothy and

---

[1] We do agree with Timothy the district court erred in one of its findings relating to an incident when T.T. went with Karen to Timothy's home to retrieve some of his belongings. It was Karen, not Amy, who enlisted the assistance of the police to accompany them to maintain the peace.

T.T.'s father-son relationship, as well as Karen and Timothy's ability to co-parent. *See In re Marriage of Walton,* 577 N.W.2d 869, 870 (Iowa Ct. App. 1998) (noting the discord between the parents and the disruption it had on the lives of the children warranted a modification to designate a physical caregiver). The court then found Karen to be the parent who should have physical care of the children and granted Timothy visitation. Given Karen's superior ability to parent—as demonstrated by her continual urging of T.T. to restore his relationship with Timothy, contrasted with Timothy's allowing his relationship with Amy to interfere with his relationship with both the children—we agree with the district court it is in the children's best interests to modify the dissolution decree by granting Karen physical care of the children. *See id.*; *Frederici*, 338 N.W.2d at 158.

**IV. Attorney Fees**

The district court directed each party to pay their own attorney fees and to share the costs, including the costs of the GAL. On appeal, Timothy requests an award of appellate attorney fees, as well as a remand to the district court for an award of trial attorney fees. Karen also requests an award of appellate attorney fees.

In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal. *In re Marriage of Kurtt*, 561 N.W.2d 385, 389 (Iowa Ct. App. 1997). In this case it is clear both parties enjoy good income, but it was Karen who was obligated to defend the district court's decision. We award Karen

$3000 in appellate attorney fees, and costs on appeal are assessed to Timothy. We decline to remand to the district court to revisit the attorney-fee ruling below.

For these reasons, we affirm the district court's decision.

**AFFIRMED.**