# IN THE COURT OF APPEALS OF IOWA

No. 15-0925
Filed June 15, 2016

IN RE THE MARRIAGE OF DEBORA JO MCCLELLAND
AND PATRICK MICHAEL MCCLELLAND

Upon the Petition of
DEBORA JO MCCLELLAND,
     Petitioner-Appellee,

And Concerning
PATRICK MICHAEL MCCLELLAND,
     Respondent-Appellant.

_____

     Appeal from the Iowa District Court for Wright County, Gregg R. Rosenbladt, Judge.

     Respondent appeals from the decree awarding petitioner spousal support.
**AFFIRMED.**

     Barbara J. Westphal, Belmond, for appellant.

     Alesha M. Sigmeth Roberts of Sigmeth Roberts Law, P.L.C., Clarion, for appellee.

     Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Patrick McClelland appeals from the dissolution decree awarding his former spouse, Debora McClelland, spousal support in the amount of $1200 per month terminating upon Debora's death or remarriage. Patrick contends the district court erred in awarding any spousal support and requests the district court be reversed. Debora argues the amount and duration of spousal support was justified by the circumstances of this case.

We review marriage dissolution proceedings de novo. *See In re Marriage of Mauer*, 874 N.W.2d 103, 106 (Iowa 2016). The district court has considerable latitude when awarding spousal support. *See In re Marriage of Schenkelberg*, 824 N.W.2d 481, 486 (Iowa 2012). We give weight to the district court's findings of fact; however, we are not bound by them. *See Mauer*, 874 N.W.2d at 106. We will disturb a district court's ruling only where there has been a failure to do equity. *Id.*

Spousal support is a stipend to a former spouse in lieu of the other spouse's legal obligation to provide financial assistance. *See In re Marriage of Anliker*, 694 N.W.2d 535, 540 (Iowa 2005). Spousal support "is not an absolute right, and an award thereof depends upon the circumstances of a particular case." *Schenkelberg*, 824 N.W.2d at 486. Prior cases provide little precedential value in determining spousal support. *See id.* The court makes an equitable determination based on the statutory framework set out in Iowa Code section 598.21A(1) (2015). The court considers, but is not limited to, the following: (1) the length of the marriage; (2) the age and physical and emotional health of the parties; (3) the distribution of property; (4) the parties' education levels;

(5) the earning capacity of the party seeking spousal support; (6) the feasibility of the party seeking spousal support becoming self-supporting at a standard of living reasonably compared to that enjoyed during the marriage; (7) the tax consequences to each party; (8) any mutual agreement made by the parties concerning financial or service contributions by the other party; (9) antenuptial agreements; and (10) any other relevant factors. *See* Iowa Code § 598.21A(1). The court equitably balances one spouse's ability to pay against the needs of the other spouse. *See In re Marriage of Tzortzoudakis*, 507 N.W.2d 183, 186 (Iowa Ct. App. 1993).

"The purpose of a traditional or permanent alimony award is to provide the receiving spouse with support comparable to what he or she would receive if the marriage continued." *In re Marriage of Gust*, 858 N.W.2d 402, 408 (Iowa 2015). The district court ordinarily awards traditional alimony for an unlimited or indefinite period of time. *See id.* "Traditional spousal support is often used in long-term marriages where life patterns have been largely set and 'the earning potential of both spouses can be predicted with some reliability.'" *Id.* at 410. "Generally speaking, marriages lasting twenty or more years commonly cross the durational threshold and merit serious consideration for traditional spousal support." *Id.* at 410–11.

Patrick and Debora were married in 1980. The parties have two children, ages twenty-five and thirty. The parties were married for thirty-four and a half years at the time of trial. At the time of trial, Debora was fifty-four years old and worked at Thrifty White as a pharmacy technician. The district court found she made approximately $23,000 per year. At the time of trial, Patrick was fifty-five

years old. Over the course of the parties' marriage Patrick has worked primarily driving truck. At the time of trial, he was employed as a fuel delivery driver for a convenience store chain. His income fluctuated yearly between $50,000 and $70,000. The district court found he made $60,000 per year on average.

The parties largely agreed on the division of the marital property, with the exception of the valuation of the marital home, in which Debora continues to reside. The district court found the value of the marital home to be $40,000. The valuation was supported by the testimony of an expert witness with extensive experience in the local residential real estate market. The district court awarded Debora the marital home and two vehicles. The parties stipulated to the value of the two vehicles at $8000. The district court awarded Patrick a pick-up truck, two motorcycles, and a fifth-wheel camper. The parties stipulated to the value of the pickup truck, two motorcycles, and camper at $23,750. Debora agreed to assume the mortgage debt of $8470 and a bank loan for $6114. The district court gave Patrick a credit of $4833 for the property division.

Patrick advances several arguments in support of his contention that Debora should be awarded no spousal support. Patrick believes the district court failed to consider the parties were living above their means, Patrick was working additional hours to pay off their debts, and Patrick will not be able to continue working seventy hours a week in the future. We conclude Patrick's arguments are unavailing. "We recognize it may be that neither party will be able to maintain their marital lifestyle, as the parties at times lived beyond their means . . ., and two households are inevitably more expensive to maintain than one." *Id.* at 415. That is not sufficient reason, however, to completely deny an award of

spousal support in a marriage of long duration. Further, while Patrick's additional work hours may decrease in the future, the fact is that he was working sixty to seventy hours per week at the time of trial. *See In re Marriage of Schriner*, 695 N.W.2d 493, 501 (Iowa 2005) ("John's overtime may in fact decrease or cease in the future, the fact is that at the time of trial, he was working overtime, and he presented no evidence that he was unable to continue. Thus, the overtime pay was not uncertain or speculative, and the district court properly considered it in setting the amount of alimony."). As noted by the district court, if Patrick's compensation decreases over time, Patrick may seek modification of the spousal support award.

Patrick argues the district court failed to properly consider the spousal support award and the property division together. "We consider alimony and property distribution together in assessing their individual sufficiency. They are neither made nor subject to evaluation in isolation from one another." *In re Marriage of Hettinga*, 574 N.W.2d 920, 922 (Iowa Ct. App. 1997). Patrick's argument is without merit. The district court explicitly recognized it awarded Debora a smaller spousal support award in light of the property division in her favor.

This is not a case in which the appellant requests modification of the spousal support award. Instead, this is a case in which the appellant argues it was "erroneous" to award spousal support at all. On de novo review, in light of the length of the parties' marriage, the property division, the parties' respective ages at the time of trial, the difference between their annual incomes and earning

capacities, we cannot conclude an award of spousal support was inequitable under the circumstances.

Debora requests she be awarded appellate attorney fees. Although appellate attorney fees are not awarded as a matter of right, we may award such fees as a matter of discretion. *See In re Marriage of Kurtt*, 561 N.W.2d 385, 389 (Iowa Ct. App. 1997). "In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal." *Id.* Given the parties' respective financial positions and the merits of this appeal, we award Debora $3000 in appellate attorney fees. Costs shall be taxed to Patrick.

**AFFIRMED.**