# IN THE COURT OF APPEALS OF IOWA

No. 17-0303
Filed July 6, 2017

**CHAD H. VOGT,**
    Plaintiff-Appellant,

**vs.**

**KATELYN JANE HERMANSON,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Benton County, Sean W. McPartland, Judge.

The father appeals from an order denying his petition to modify the parties' custody decree. **AFFIRMED.**

Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, P.C., West Des Moines, for appellant.

Christine L. Crilley of Crilley Law Offices, P.L.L.C., Hiawatha, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

Chad Vogt and Katelyn Hermanson are the parents of E.F.V., born 2011. In March 2014, the district court entered a custody decree granting the parties joint legal custody and joint care of the child. The custody decree provided the child "shall attend primary and secondary school in the Cedar Rapids School District unless otherwise agreed to by the parties." In December 2015, Vogt filed a petition to modify the custody decree, seeking to have the child attend school in the Center Point-Urbana School District, approximately twenty-five miles from Cedar Rapids. The district court denied the petition for modification, and Vogt timely filed this appeal.

Our review is de novo. *See* Iowa R. App. P. 6.907; *In re Marriage of Rosenfeld*, 524 N.W.2d 212, 213 (Iowa Ct. App. 1994). We examine the entire record and adjudicate anew issues properly preserved and presented. *See In re Marriage of Ales*, 592 N.W.2d 698, 702 (Iowa Ct. App. 1999). We give weight to the district court's findings of fact, particularly on witness credibility, but we are not bound by those findings. *See id.*

Once custody of a child is fixed, it should be disturbed for only the most cogent reasons. *See In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983). We therefore require a party requesting a modification of the custodial arrangement to demonstrate "by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change." *Id.* Here, Vogt does not seek to modify the custodial arrangement; he seeks only to change the school district the child will attend. We have previously treated this

request more akin to a change in the parenting or visitation schedule. *See Hemesath v. Bricker*, No. 09-1064, 2010 WL 446990, at *3 (Iowa Ct. App. Feb. 10, 2010); *In re Marriage of Spears*, 529 N.W.2d 299, 302 (Iowa Ct. App. 1994). The showing required for modification of this provision is less significant than the showing required to modify the custody and care provisions of a decree. *See Nicolou v. Clements*, 516 N.W.2d 905, 906 (Iowa Ct. App. 1994). The appellate courts of this state have consistently held that to justify a modification of visitation rights—or, as here, the child's school district—the petitioner must only show there has been a material change of circumstances since the filing of the decree and the change is in the child's best interests. *See, e.g., In re Marriage of Salmon*, 519 N.W.2d 94, 95–96 (Iowa Ct. App. 1994).

The original decree contained the following findings and conclusions regarding the child's education:

> Additionally, at the heart of the instant dispute is in what school district [E.F.V.] will receive her education. Chad wants [E.F.V.] to attend school in the Center Point School District and Katelyn wants [E.F.V.] to attend school in the Cedar Rapids School District. Both districts will provide [E.F.V.] with quality education and each has benefits and drawbacks the other does not. The decision on where [E.F.V.] should attend school is one that is normally vested to the legal custodian. *See* Iowa Code § 598.1(5) [2011]. However, in a situation like this where the parties are joint legal custodians and cannot agree as to a decision affecting a child's legal status, the Court must step in and make a decision in the child's best interest. *See Harder v. Anderson*, 764 N.W.2d 534, 538 (Iowa 2009) ("When joint legal custodians have a genuine disagreement [regarding a child's legal status], the court must step in . . . and decide the dispute by considering what is in the best interest of the child."). Therefore, after weighing all the facts and circumstances, the Court finds it is in [E.F.V.'s] best interest to attend school in the Cedar Rapids School District. In reaching this decision, the Court finds that the totality of the parties' connections to Cedar Rapids tips the balance in favor of sending [E.F.V.] to school there. Although Chad lives in Urbana, he works in Cedar

Rapids and conducts at least some of his non-work activities there, including shopping and medical care. On the contrary, Katelyn has no present connection to Center Point or Urbana other than Chad. All this makes the Cedar Rapids School District the better choice, in [E.F.V.'s] best interest.

Since the time of the decree, neither party has moved, changed jobs, or made any significant changes to their lives. The parties' jobs both remain in Cedar Rapids. The child's medical providers remain in Cedar Rapids.

At trial, Vogt contended there had been a material change in circumstances since the time of the decree. Specifically, the parents enrolled the child in preschool in Center Point. Vogt argued the child built relationships during preschool and should thus continue all of her remaining schooling in Center Point. He also argued the total travel time for both parties was minimized by enrolling the child in the Center Point-Urbana School District. The district court found and concluded as follows:

> Although the basis for the Court's "tip of the balance" at the time of the decree (namely, the totality of the parties' connections to Cedar Rapids) may have changed some since the entry of the decree, the Court finds and concludes that any change in the tipping of the balance does not rise to the level of material change in circumstances triggering modification of the explicit terms of the decree. Indeed, that balance may tip one way or the other many times over [the] course of the child's period of minority. Each such tip does not justify a change in the terms of the decree.
>
> Moreover, granting the relief requested by Chad would not solve the issues presented by the parties. Having the child attend school in the Center Point-Urbana School District, away from the residences of both parties and away from the city in which both of the parties work, would lead to its own logistical issues. Such an arrangement . . . inevitably could lead to evidence and argument by each of the parties related to the relative merits of school in a smaller city versus school in a larger city. Such evidence, arguments and facts, however, already were considered by the Court at the time of the entry of the decree.

"[W]e recognize the reasonable discretion of the trial court to modify [educational provisions] and will not disturb its decision unless the record fairly shows it has failed to do equity." *Salmon,* 519 N.W.2d at 95. We see no reason to disturb the judgment of the district court. Like the district court, we conclude Vogt failed to prove a material change in circumstances. Little has changed since the time of the decree. The factors the district court considered in making its original determination—where the parties live, their support networks, transportation, the relative merits of each school district, the parents' and child's connections to the different communities—all remain the same as at the time of the decree.

Vogt also failed to show removing the child from the Cedar Rapids district is in the child's best interests. After Vogt filed his petition, he sought expedited relief to prevent Hermanson from enrolling the child in kindergarten in Cedar Rapids. He was not able to obtain the relief prior to the start of the school year, and Hermanson enrolled the child in kindergarten in Cedar Rapids pursuant to the terms of the decree. Testimony at the modification trial showed the child has settled into the district, has made friends, and is doing well in school. There is no evidence the child would obtain a material benefit in changing school districts. We do not find Hermanson's decision to enroll the child in preschool in Center Point a concession that enrollment in the Center Point-Urbana School District is in the best interests of the child.

Hermanson requests $3500 in appellate attorney fees. "In a proceeding to determine custody or visitation, or to modify a paternity, custody, or visitation order under this chapter, the court may award the prevailing party reasonable

attorney fees." Iowa Code § 600B.26. "An award of appellate attorney fees is not a matter of right but rests within our discretion." *In re Marriage of Kurtt*, 561 N.W.2d 385, 389 (Iowa 1997). In making our determination, "we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal." *Id.* Upon consideration of Hermanson's request, we find equity warrants the award of $3500 in appellate attorney fees.

**AFFIRMED.**