# IN THE COURT OF APPEALS OF IOWA

No. 17-0046
Filed August 2, 2017

**IN RE THE MARRIAGE OF VALERIE E. HUTE f/k/a VALERIE E. BAKER AND JOSEPH M. BAKER**

**Upon the Petition of**
**VALERIE E. HUTE f/k/a VALERIE E. BAKER,**
　　　Petitioner-Appellant,

**And Concerning**
**JOSEPH M. BAKER,**
　　　Respondent-Appellee.

_____

　　　Appeal from the Iowa District Court for Jackson County, Henry W. Latham,

II, Judge.


　　　Former spouse appeals from the order modifying a decree of dissolution

of marriage. **REVERSED AND REMANDED.**


　　　Bradley T. Boffeli of Boffeli & Spannagel, P.C., Maquoketa, for appellant.

　　　Christopher M. Soppe of Pioneer Law Office, Dubuque, for appellee.


　　　Heard by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

Valerie Hute and Joseph Baker divorced in 2007. The stipulated decree provided Valerie with sole legal custody and physical care of the parties' children, V.B. and S.B., born in 2002 and 2005, respectively. Joseph was to have visitation "upon the terms and conditions established in" then-pending child-in-need-assistance proceedings. The future then came and went as futures do. The assistance proceedings closed. The parties remained in Maquoketa. Valerie maintained physical care of the children. Joseph paid child support. But Joseph never exercised visitation with the children. And Joseph never attempted to contact the children. Eventually, Joseph met and married a woman who had three children of her own, including two sons and a daughter. Joseph's stepdaughter is approximately the same age as V.B. The stepdaughter and V.B. attended the same school. Joseph testified his stepdaughter told him V.B. once asked her about Joseph. Joseph interpreted this to mean V.B. wanted to have contact with him. In December 2015, Joseph acted on his impulse; he filed a petition to modify the stipulated decree, seeking visitation with the children. The district court granted Joseph's petition, awarded the parties joint legal custody of V.B. and S.B., ordered reunification therapy for Joseph and the children, and ordered supervised visitation upon the recommendation of a counselor. Valerie timely filed this appeal.

I.

Our review is de novo. *See In re Marriage of Pals*, 714 N.W.2d 644, 646 (Iowa 2006). We review the entire record and decide anew the factual and legal issues preserved and presented for review. *See In re Marriage of Williams*, 589

N.W.2d 759, 761 (Iowa Ct. App. 1998). "Prior cases are of little precedential value, except to provide a framework for analysis, and we must ultimately tailor our decision to the unique facts and circumstances before us." *In re Marriage of Kleist*, 538 N.W.2d 273, 276 (Iowa 1995) (citing *In re Marriage of Will*, 489 N.W.2d 394, 397 (Iowa 1992)). "Although our review is de novo, we afford deference to the district court." *In re Marriage of Morrison*, No. 16-0886, 2017 WL 936152, at *1 (Iowa Ct. App. Mar. 8, 2017).

## II.

We first address the question of legal custody. "Legal custody . . . means an award of the rights of legal custody of a minor child to a parent under which a parent has legal custodial rights and responsibilities toward the child." Iowa Code § 598.1(5) (2015). These "[r]ights and responsibilities . . . include but are not limited to decision making affecting the child's legal status, medical care, education, extracurricular activities, and religious instruction." *Id.* Joint legal custody includes the right to "equal participation in decisions affecting the child's legal status, medical care, education, extracurricular activities, and religious instruction." Iowa Code § 598.1(3).

As a general rule, a party seeking to modify the custodial provisions of a decree must prove "by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to [change legal custody]." *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983). The material and substantial circumstances "must not have been contemplated by the court" and "must be more or less permanent, not temporary." *Id.* There is a narrow

exception to the general rule. In some circumstances, a district court can reserve jurisdiction to modify the custodial provisions of the decree in the absence of proof of a material and substantial change in circumstances. *See, e.g., In re Marriage of Ruckman*, No. 13-1920, 2014 WL 3748601, at *5 (Iowa Ct. App. July 30, 2014).

In this case, the stipulated decree provided Valerie would have sole legal custody of the children. The district court modified the stipulated decree and awarded the parties joint legal custody so Joseph could have access to the children's educational information. The district court reasoned modification of the decree's custodial provisions was warranted in the absence of a material and substantial change in circumstances because the decree reserved jurisdiction to revisit the issue. Specifically, the stipulated decree provided, "The court reserves jurisdiction to revisit issues of legal custody, physical care and visitation pending the outcome of the juvenile court proceeding set forth above." The district court also concluded there had been a material and substantial change in circumstances making a change in the custodial provisions of the decree in the best interest of the children.

We first address the reservation of jurisdiction. Reservation of jurisdiction in child custody matters is heavily disfavored. *See In re Marriage of Sjulin*, 431 N.W.2d 773, 776 (Iowa 1988) (expressing "distaste for decrees that retain jurisdiction to review . . . custody"); *In re Marriage of Schlenker*, 300 N.W.2d 164, 165 (Iowa 1981) (stating "we have discouraged the retention of jurisdiction to modify divorce decrees without a showing of change of circumstances"); *In re Marriage of Vandergaast*, 573 N.W.2d 601, 602 (Iowa Ct. App. 1997) (noting

"[t]rial courts should make final disposition of cases in circumstances then existing"); *In re Marriage of Kurtt*, 561 N.W.2d 385, 388 (Iowa Ct. App. 1997) (noting appellate courts in Iowa discourage the retention of jurisdiction). However, it is not disallowed. If jurisdiction is effectively reserved, then the moving party is not required to show a change in circumstance. *See Ruckman*, 2014 WL 3748601, at *5.

To effectively reserve jurisdiction, the decree must explicitly provide the parties are relieved of the burden to show a material and substantial change in circumstance as a prerequisite to modification of the custodial provisions of the decree. *See, e.g., Wells v. Wells*, 168 N.W.2d 54, 56–57 (Iowa 1969) (determining jurisdiction was reserved when the stipulation stated "[t]he matter of custody of the children herein provided for may be reviewed at the request of either party . . . and without the burden on either party of having to show change in circumstances"). "Only when the decree unequivocally provides for later trial court review without the necessity of showing a change of circumstances will we say this was the trial court's intent. Otherwise we consider statements concerning retention of jurisdiction as mere expressions of already existing authority." *Schlenker*, 300 N.W.2d at 166 (citing *Betzel v. Betzel*, 163 N.W.2d 551, 555 (Iowa 1968)). In addition, the reservation of jurisdiction must be tied to a specific event or events anticipated to occur in the immediate future or must be otherwise limited in duration. In the absence of some durational limitation on the reservation of jurisdiction, the custodial provisions of the decree are merely temporary. These type of temporary custodial provisions "are rarely, if ever, in the best interests of the children." *Vandergaast*, 573 N.W.2d at 602.

The purported reservation of jurisdiction in this case was ineffective and could not serve as an independent basis to modify the decree in the absence of proof of a material and substantial change in circumstances. The reservation provision in this case did not explicitly provide the parties were relieved of the burden of establishing a substantial and material change in circumstances as required by *Schlenker*. *See* 300 N.W.2d at 166. In addition, the reservation provision was tied to a specific event—"the outcome of the juvenile court proceeding." This indicates the decretal court's reservation of jurisdiction—if it had been effective—was intended to readdress the custodial provisions of the decree at the time the juvenile assistance proceedings closed to give effect to those proceedings. The assistance proceedings in this case closed in 2007 or 2008. It was incumbent upon the parties to timely present the relevant orders from the assistance proceedings to the district court to allow the district court to modify the decree, if necessary. The parties failed to do so. If the window to modify the custodial provisions of the decree pursuant to the reservation of jurisdiction were ever open, it is now definitively closed.

In the absence of an effective reservation of jurisdiction, modification of the custodial provisions of the decree was unwarranted. First and foremost, Joseph did not request modification of the custodial provisions of the decree. He requested only modification of the visitation provisions of the decree. The parties were not given notice that custody was at issue. Under the circumstances, sua sponte modification of the custodial provisions of the decree was not proper. *See In re Marriage of Strang*, No. 12-0322, 2013 WL 104820, at *1 n.2 (Iowa Ct. App. Jan. 9, 2013) (noting the court should not *sua sponte* modify a decree

without an adequate record); *see also Grant v. Terry*, 961 N.Y.S. 2d 304, 304 (N.Y. App. Div. 2013) (holding it would have been improper for court to change custody sua sponte where father requested only modification of visitation); *cf. Warren v. Miller*, 17 N.Y.S. 3d 535, 535 (N.Y. App. Div. 2015) (affirming modification of custody without application by the parties where the district court informed the parties custody would be at issue). Second, less drastic remedies were available to provide Joseph with information regarding the children. Joseph can access the children's education information without a change in the custody provisions of the decree. *See* Iowa Code § 598.41(1)(e) (providing "both parents shall have legal access to information concerning the child, including but not limited to medical, educational and law enforcement records"). Third, Joseph failed to prove a material and substantial change in circumstances making it in the children's best interest to modify the custodial provisions of the decree. *See Frederici*, 338 N.W.2d at 158. The Iowa Department of Human Services founded a report of sex abuse involving Joseph and V.B. The founded report of sex abuse gave rise to the assistance proceedings referenced in the stipulated decree. Joseph has not engaged in any treatment or counseling related to the sex abuse. Joseph has not had any contact with the children for approximately ten years. Joseph has not sought out any information regarding the children in the last ten years. It is not in the children's best interest to vest Joseph with equal participation rights in fundamental decisions regarding the children when he has sexually abused one of them, is a stranger to them, and lacks experiential history to make an informed choice for them. *See* Iowa Code § 598.41(3)(i)

(providing the district court may consider the safety of the children when making a custody determination).

For the foregoing reasons, we reverse the judgment of the district court with respect to modification of the custodial provisions of the decree.

III.

We next address visitation. The Code provides the district court shall order

> visitation . . . where appropriate, which will assure the child the opportunity for the maximum continuing physical and emotional contact with both parents after the parents have separated or dissolved the marriage, and which will encourage parents to share the rights and responsibilities of raising the child unless direct physical harm or significant emotional harm to the child, other children, or a parent is likely to result from such contact with one parent.

Iowa Code § 598.41(1)(a). Our case law is in accord with the statute, demonstrating a strong preference for liberal visitation. *See Smith v. Smith*, 142 N.W.2d 421, 425 (Iowa 1966) ("The rule is well established in all jurisdictions that the right of access to one's child should not be denied unless the court is convinced such visitations are detrimental to the best interest of the child. In the absence of extraordinary circumstances, a parent should not be denied the right of visitation." (quoting *Willey v. Willey*, 115 N.W.2d 883, 839 (Iowa 1962))).

As a general rule, "[t]o justify a modification of visitation rights, the plaintiff must show there has been a change of circumstances since the filing of the decree." *Nicolou v. Clements*, 516 N.W.2d 905, 906 (Iowa Ct. App. 1994). "The burden upon the petitioner in a modification of visitation rights differs from the burden upon him or her in a modification of custody. The degree of change

required in a modification of visitation rights is much less than the change required in a modification for custody." *Id.* However, the change of circumstance still must be beyond the contemplation of the court at the time of the decree. *See, e.g., In re Marriage of Raper*, No. 14-1003, 2015 WL 2406784, at *3 (Iowa Ct. App. May 20, 2015). In addition, the main concern remains the best interests of the children. *See Nicolou*, 516 N.W.2d at 906. As with custody, a district court can reserve jurisdiction to modify the visitation provisions of the decree in the absence of proof of a change in circumstances, although this, too, is viewed with strong disfavor.

In this case, the stipulated decree provided, "The parties agree that Joe shall exercise visitation with the minor children upon the terms and conditions established in the juvenile court proceedings." The district court concluded the reservation of jurisdiction was a sufficient reason to modify the visitation provisions of the decree. The district court also concluded there had been a change in circumstances and modification was in the best interests of the children. The district court ordered Joseph and the children to attend therapy. The district court also ordered Joseph to have supervised visitation upon the recommendation of the therapist. Valerie contends modification was improper, and she contends the district court impermissibly delegated authority for establishing visitation to a third party.

The reservation of jurisdiction was ineffective to modify the visitation provisions of the decree without showing a change in circumstances. As noted above, the reservation of jurisdiction did not explicitly provide the parties were relieved of the burden of establishing a change in circumstances as required by

*Schlenker*.  *See* 300 N.W.2d at 166*.*  As also noted above, the opportunity to modify the stipulated decree without showing a change in circumstances, if any, has passed.

In the absence of a valid reservation of jurisdiction, it was incumbent upon Joseph to establish both a change in circumstances and modification would be in the best interest of the children.  *See In re Marriage of Brown*, 778 N.W.2d 47, 51–52 (Iowa Ct. App. 2009).  Joseph contends the closing of the juvenile proceedings is a change in circumstances sufficient to warrant modification of the decree.  Under the circumstances, we disagree.  There appears to be a misconception in this case regarding Joseph's visitation rights prior to filing this modification action.  The stipulated decree did not deny Joseph the right of visitation.  The stipulated decree provided Joseph would have visitation on the terms and conditions established in the juvenile court proceedings.  The closing of the juvenile court proceedings is thus not a change in circumstance; it was specifically contemplated by the decree.  Joseph simply failed to take any action upon the closing of the juvenile proceedings.

Joseph contends the passage of time and changing family dynamics constitute a change in circumstances sufficient to warrant modification of the visitation provisions of the decree.  Specifically, he notes the children are older, can participate in therapy, and can self-protect.  He also notes he is remarried, is a stepfather, and has demonstrated appropriate relationships with his stepchildren.  Joseph also has started a trucking company and appears to be having some financial success.  At first glance, none of the cited circumstances seems like a change in circumstances within the meaning of our law—that is,

changes not in the contemplation of the decretal court. One would expect the children to age, the parties to remarry, and the parties to become more financially stable over time. However, time changes everything, or so it is said, and, perhaps, the passing of a sufficient amount of time in conjunction with the cited changes could be a change in circumstances.

An interesting and comparable case is *Smith*, 142 N.W.2d at 421. In that case, the husband physically abused his wife and son. *See Smith*, 142 N.W.2d at 422. The parties divorced. The wife was granted sole custody, and the husband was disallowed visitation with any of the parties' four children. *See id.* After the passing of several years, the father sought modification of the decree to allow visitation with his children. The court concluded the father had made a sufficient showing to change visitation. "In addition to the passage of time," the father showed significant improvement in his mental health. *Id.* at 423. The father had happily remarried. *See id.* The father had established a business and was "able to report a most satisfying growth in the development of his venture." *Id.* The court concluded, "It is obvious there has been considerable change in appellant's temperament and self-control. Present conditions indicate these factors should not stand in the way of visitation privileges." *Id.* at 424.

While this case has superficial similarities to *Smith*, it is also materially different. The father in *Smith* presented evidence from a psychologist showing "definite evidence of improved self-control and thinking." *Id.* at 423. The court thus concluded the reasons for restricting visitation no longer existed. In contrast, Joseph did not engage in any sort of therapy or counseling to address the reasons for the decretal visitation provision. He also presented no evidence

that such treatment was unnecessary. The mere fact that Joseph now has a stepdaughter is not sufficient evidence that he has addressed the underlying circumstance giving rise to the original visitation provision. We cannot conclude Joseph established a sufficient change in circumstances to warrant modification of the stipulated decree.

There is also no evidence modification of the decree is in the best interest of the children. The father in *Smith* had made repeated attempts to modify the visitation provisions of the decree, which the court considered "testimony as to his interest in [the children]." *Id.* at 424. In contrast, Joseph has not made any prior attempt to seek visitation with his children. Further, Joseph has not made any attempt to contact the children in almost ten years despite the fact they all reside in a small community. In *Smith*, the father sent money to the children and "different presents during the holidays and birthdays." *Id.* Here, Joseph paid child support, but he never sent the children any presents on holidays or birthdays. At trial, Joseph was unsure of V.B.'s birthday. In *Smith*, the mother testified the children "had no mental block against their father" and testified the children "stated they would like to see their father." *Id.* In this case, the record is devoid of similar testimony. To the contrary, the guardian ad litem's report stated the children did not express any interest in seeing their father. When asked what effect visitation would have on the children Joseph conceded, "[t]o be honest, I don't know. It could either be good or bad." While the district court found Joseph's interest in building a relationship with his children is genuine, "our governing consideration in defining visitation rights is the best interests of the children, not those of the parent seeking visitation." *In re Marriage of Dubendorf*,

No. 0-672, 2000 WL 1724044, at *3 (Iowa Ct. App. Nov. 20, 2000). There is no evidence modification is in the best interest of the children.

An additional consideration is relevant. As noted above, the stipulated decree provided Joseph with the right of visitation upon the terms and conditions set forth in the assistance proceedings. However, Joseph did not put into evidence the relevant orders from the juvenile court proceedings. He had very little knowledge of the juvenile court proceedings. He testified he did not participate in the juvenile proceedings. He testified he did not know whether the proceedings were closed. He testified he never attempted to obtain any information regarding the proceedings. Valerie had only limited information regarding the juvenile court orders. She testified the juvenile court provided for Joseph to have visitation so long as he completed certain steps, including therapy. Joseph conceded he did not complete any therapy. It thus seems incorrect to posture this case as a modification action in which one parent is seeking to modify an order prohibiting visitation, as in *Smith*. Instead, this is a case in which a parent was awarded visitation upon certain terms and conditions, ignored court orders for almost a decade, and failed to exercise the ordered visitation for almost a decade, and now seeks a new order with new terms and conditions. We see no reason to now allow Joseph to circumvent the terms and conditions imposed by the juvenile court merely because he chose to ignore court orders for a sufficiently lengthy period of time.

For the foregoing reasons, we conclude modification of the visitation provision of the decree was not warranted. Joseph is entitled to exercise visitation upon the terms and conditions set forth in the juvenile court

proceedings. Because we conclude modification is not warranted under the circumstances, we need not address Valerie's claim that the district court delegated its power to an impermissible third party.

IV.

Valerie seeks attorney fees. We will not disturb the district court's denial of Valerie's claim for fees incurred in the district court. We do address her request for appellate attorney fees. "An award of appellate attorney fees is not a matter of right but rests within our discretion." *Kurtt*, 561 N.W.2d at 389 (citing *In re Marriage of Scheppele*, 524 N.W.2d 678, 680 (Iowa Ct. App. 1994)). "[W]e consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request is obligated to defend the trial court's decision on appeal." *In re Marriage of Gaer*, 476 N.W.2d 324, 330 (Iowa 1991) (citing *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa Ct. App. 1981)). We award Valerie appellate attorney fees in the amount of $3049.50.

V.

We hold the district court did not have retained jurisdiction to modify the custodial or visitation provisions of the degree in the absence of proof of changed circumstances and proof modification was in the best interests of the children. We hold the father failed to satisfy his evidentiary burden to justify modification of the custodial provisions and visitation provisions of the stipulated decree of dissolution. We vacate the judgment of the district court and remand this matter for dismissal of Joseph's petition to modify the decree of dissolution of marriage.

**REVERSED AND REMANDED.**