# IN THE COURT OF APPEALS OF IOWA

No. 20-1205
Filed March 17, 2021

IN RE THE MARRIAGE OF EMILIE RICE COMSTOCK
AND RYAN CHARLES COMSTOCK

Upon the Petition of
EMILIE RICE COMSTOCK, n/k/a EMILIE RICE BOESEN,
    Petitioner-Appellee,

And Concerning
RYAN CHARLES COMSTOCK,
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Dallas County, Richard B. Clogg, Judge.

A noncustodial parent appeals the district court decision permitting the custodial parent to determine where the parties' minor children would attend school. **REVERSED AND REMANDED.**

Ryan R. Gravett of Gravett Law Firm, P.C., Clive, for appellant.

David Barajas of Macro & Kozlowski, LLP, West Des Moines, for appellee.

Considered by May, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Ryan Comstock appeals the district court decision permitting Emilie Comstock, now known as Emilie Boesen, to determine where the parties' three minor children would attend school because she had physical care. We reverse and remand for the court to make a determination based on the best interests of the children, in light of *Harder v. Anderson, Arnold, Dickey, Jensen, Gullickson & Sanger, L.L.P.*, 764 N.W.2d 534, 538 (Iowa 2009). We deny the parties' request for appellate attorney fees.

Ryan and Emilie were previously married. A procedural history is beneficial in consideration of this appeal. Emilie filed a petition for dissolution on March 25, 2016. Ryan and Emilie entered into a stipulation that provided they would have joint legal custody of the children, with Emilie having physical care. The stipulation provided:

> Both parties shall participate equally in the rights and responsibilities of legal custodians, including but not limited to decisions affecting their children's legal status, medical care, *education*, extracurricular activities and religious training.

(Emphasis added.) The provision follows Iowa Code section 598.41(5)(b) (2020), which provides joint legal custodians are entitled to "equal participation in decisions affecting the child's legal status, medical care, education, extracurricular activities, and religious instruction." The dissolution decree filed July 8, 2016, incorporated the stipulation. The decree was silent as to where the children would attend school.

On January 5, 2017, Emilie filed a petition for modification, setting out concerns of illegal substance use by Ryan and requested the district court review

the child support order. The court conducted a temporary hearing and ordered both parties submit to drug testing. The parties later reached an agreement concerning the pending modification. A stipulation and modified decree were filed on July 5, 2017. The modified decree adopted a revised visitation scheduled for Ryan and required Ryan to submit to a ten-panel hair follicle drug test no more than once a month as requested by Emilie or the parenting coordinator.[1] This modified decree is also silent as to the children's school location.

On July 25, 2019, Emilie filed a second petition for modification, requesting an adjustment in child support and alleging a substantial and material change of circumstances existed as Ryan "repeatedly tested positive for prescription medication, and such changes in circumstance would support a modification of the drug testing procedure provided for in the [o]rder for [m]odification." Ryan filed a counter-claim to the petition, setting out what he deemed to be violations of the joint legal custodian's responsibilities and requesting the district court "enter an order for modification consistent with the issues set forth above." Final hearing on this petition is set for March 31 and April 1, 2021.[2]

At the time of the most recent petition for modification, the school-aged children were attending public school in the Waukee School District. Emilie expressed to Ryan for approximately the last three years that she wanted the children to attend St. Francis of Assisi School, a private Catholic school in West

---

[1] A parenting coordinator was appointed by agreement of the parties.

[2] In addition to the original dissolution petition, two separate modification petitions have been filed. The parties have litigated a contempt proceeding. Pending at the time of this appeal is a second contempt action as well as a counter-contempt proceeding.

Des Moines. Ryan did not agree to enroll the children in private school. For the 2020-21 school year, Emilie enrolled the children at St. Francis over Ryan's objections.

On August 12, 2020, Ryan filed a "motion for a determination regarding the children's school." On August 20, Ryan filed an application for an injunction.[3] The district court dismissed the application for an injunction without hearing. After a hearing on the motion pertaining to schooling, the district court ruled, "[U]nder these facts, the party having primary care does have the right to the 'tie breaker' if the parties are unable to agree after consultation with each other. [Emilie] was within her rights to make a final decision regarding the children's school enrolment." The court also denied Ryan's request for attorney fees. Ryan now appeals.

In *Harder*, a noncustodial parent who had joint legal custody sought to obtain her children's mental health records over the objection of the custodial parent. 764 N.W.2d at 535. The Iowa Supreme Court ruled, "When joint legal custodians have a genuine disagreement concerning a course of treatment affecting a child's medical care, the court must step in as an objective arbiter, and decide the dispute by considering what is in the best interest of the child." *Id.* at 538.

---

[3] The notice of appeal cites to the August 26 and September 1 orders but does not cite the August 21 order dismissing the application for injunction. While the appeal notice also states Ryan appeals from "all adverse orders," the briefing pertains only to the ruling on the motion for determination of the children's school. We therefore do not address the application for an injunction in this opinion.

We have previously found that "educational decisions fall within this category." *See In re Marriage of Bakk*, No. 12-1936, 2013 WL 5962991, at *2 (Iowa Ct. App. Nov. 6, 2013) (considering whether a child should be required to attend educational activities in daycare); *In re Marriage of Laird*, No. 11-1434, 2012 WL 1449625, at *2 (Iowa Ct. App. Apr. 25, 2012) (stating the *Harder* analysis "applies equally to decisions concerning a child's education" and considering the child's best interests in selecting the school district for the parties' child to attend).

Also, in *Gaswint v. Robinson*, No. 12-2149, 2013 WL 4504879, at *5 (Iowa Ct. App. Aug. 21, 2013), joint legal custodians could not agree on where the children should attend school. This court cited *Harder* and concluded the district court properly made a determination based on the best interests of the children, as the parents, who had a right to "equal participation" in the issue, had reached an impasse. *Gaswint*, 2013 WL 4504879, at *5.

This is an issue that has vexed family law practitioners for many years. *See In re Marriage of Rigdon*, No. 19-1497, 2020 WL 7868234, at *2 (Iowa Ct. App. Dec. 16, 2020) (Ahlers, J., specially concurring). The present appeal, however, involves what we believe to be a temporary order, issued following the filing of a petition for modification.[4] A final hearing on the petition for modification has not yet been held. Therefore, we do not engage in a full discussion of the issue at this time but reverse the decision of the district court and remand for the court to make

---

[4] Ryan's motion for determination of the school issue requested the court set "an emergency" hearing.

a determination as to whether the children's attendance at Waukee School District or St. Francis of Assisi School is in their best interests.[5]

Both parties have requested attorney fees for this appeal.[6] "An award of appellate attorney fees is not a matter of right but rests within our discretion." *In re Marriage of Kurtt*, 561 N.W.2d 385, 389 (Iowa 1997). In making our determination, "we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal." *Id.* We determine the parties should each pay their own appellate attorney fees.

**REVERSED AND REMANDED.**

---

[5] We assume the parties wish to proceed with the modification hearing presently scheduled for March 31 and April 1. If so, the parties may wish to consider filing a joint stipulated request for expedited issuance of procedendo with the Clerk of the Iowa Supreme Court. *See* Iowa R. App. P. 1.208(2)(b) (providing that, ordinarily, procedendo shall not issue until twenty-seven days after an opinion is filed); *see also State v. Hawkeye Bail Bonds, Sur.,* 565 N.W.2d 615, 617 (Iowa 1997) (noting that "[f]ollowing disposition on appeal, the district court is vested with jurisdiction when procedendo is issued" (citing Iowa Code § 814.25)).

[6] Neither party has filed an attorney fee affidavit.