**IN THE COURT OF APPEALS OF IOWA**

No. 16-0045
Filed December 21, 2016

**IN RE THE MARRIAGE OF TRACY LYNN HOFFMAN AND ERNST FRANKLIN HOFFMAN**

**Upon the Petition of**
**TRACY LYNN HOFFMAN N/K/A BAIN,**
        Petitioner-Appellant,

**And Concerning**
**ERNST FRANKLIN HOFFMAN,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Robert B. Hanson,

Judge.


        Petitioner appeals child support award in modification decree.

**AFFIRMED.**


        Eric G. Borseth of Borseth Law Office, Altoona, for appellant.

        Alexander E. Wonio of Hansen, McClintock & Riley, Des Moines, for

appellee.


        Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

This appeal arises out of a dissolution-modification proceeding. The matter comes before the court following remand to determine child support. By way of background, Tracy Bain f/k/a Hoffman and Ernst ("Ernie") Hoffman married in 1996 and divorced in 2006. "Two children were born to the marriage: M.H. in 1999 and Z.H. in 2002. Pursuant to a stipulation regarding custody and care, the parties were awarded joint legal custody of the children with primary care of the children to Tracy." *In re Marriage of Hoffman* (*Hoffman I*), No. 13-1757, 2014 WL 3511893, at *1 (Iowa Ct. App. July 16, 2014). From the time of the divorce until 2012, both Tracy and Ernie resided in close proximity to each other in the Des Moines metropolitan area.

In 2012, Tracy relocated to Albia, approximately seventy miles away. *See id.* at *1. Ernie subsequently filed a modification action, seeking physical care of M.H. and Z.H. *See id.* at *1. The district court granted Ernie's petition for modification. *See id.* at *2. This court reversed the judgment of the district court and remanded the matter to determine visitation and child support:

> With the reversal of the district court decisions concerning custody, Tracy asks that we require Ernie to pay child support consistent with the Child Support Guidelines. *See* Iowa Code § 598.21B. Prior to the modification, Ernie was paying $2000/month in child support. Tracy argues the guidelines require Ernie to pay support of $2,988.30/month, a 10% variation constituting a substantial change of circumstances under Iowa Code section 598.21C(2)(a) that gives our court the right to modify child support. We remand to the trial court to determine Ernie's child support obligation under the guidelines commencing the date of the decree from which appeal was taken.
> . . . .
> For the foregoing reasons, we reverse the judgment of the district court and remand this matter for further proceedings not

inconsistent with this opinion. We do not retain jurisdiction over this matter. Costs on appeal are taxed equally to the parties.

*See id.* at *8. On further review, the supreme court affirmed this court and remanded the matter for further proceedings:

> Because we conclude Ernie has failed to prove the children's move to Albia constitutes a substantial change of circumstances or that his ability to minister to the needs of the children is superior to Tracy's, we conclude the district court erred in modifying the dissolution decree. Accordingly, we affirm the decision of the court of appeals and reverse the district court's modification ruling. We remand to the district court for a determination of an appropriate visitation schedule and modification of Ernie's child support obligation based on the present financial circumstances of the parties and the child support guidelines.

*See In re Marriage of Hoffman* (*Hoffman II*), 867 N.W.2d 26, 37 (Iowa 2015).

On remand, the district court determined Ernie should pay child support in the amount of $2921.40 per month. The district court concluded "respondent's new child support obligation should not be retroactive, there having been no showing that it would be unfair to petitioner or the children for the new child support obligation to be prospective only nor any showing that the parties' children's financial needs have not always been provided for." Tracy timely filed her appeal.

On appeal, Tracy contends the district court erred in failing to make the child support award retroactive. Specifically, she argues the district court acted illegally in failing to follow this court's remand instruction. She also argues, independent of the first point, it was error to make the child support award prospective only. Our review is de novo. *See id.* at 32.

We address the first claim of error. "It is a fundamental rule of law that a trial court is required to honor and respect the rulings and mandates by appellate

courts in a case." *City of Okoboji v. Iowa Dist. Ct.*, 744 N.W.2d 327, 331 (Iowa 2008). There can be only a single mandate with respect to a particular issue. Thus, when the supreme court takes further review of an opinion of this court, the judgment and mandate of this court has no force or effect with respect to the issue or issues addressed by the supreme court. *See id.* ("On remand, the jurisdiction of the case is returned to the district court for the purpose of doing the act authorized or directed by the appellate court in its opinion and nothing else. If the district court proceeds contrary to the mandate, its decision is viewed as null and void." (citation omitted)); *Anderson v. State*, 692 N.W.2d 360, 363 (Iowa 2005) ("On further review, we can review any or all of the issues raised on appeal or limit our review to just those issues brought to our attention by the application for further review."); *see also Duncan v. Michigan*, 832 N.W.2d 761, 768 (Mich. Ct. App. 2013) ("Where a case is taken on appeal to a higher appellate court, the law of the case announced in the higher appellate court supersedes that set forth in the intermediate appellate court. However, rulings of the intermediate appellate court remain the law of the case insofar as they are not affected by the opinion of the higher court reviewing the lower court's determination." (internal marks omitted)); *Bramlett v. Phillips*, 359 S.W.3d 304, 310–11 (Tex. App. 2012) (explaining the intermediate appellate court's opinion and judgment remain in force and effect on those issues unaddressed by the supreme court).

In this case, both this court and the supreme court addressed child support. This court determined the child support obligation should commence on "the date of the decree from which appeal was taken." *Hoffman I*, 2014 WL 3511893, at *8. In other words, the child support should be retroactive based on

the parties' financial circumstances at the time of trial. The supreme court directed the support obligation be "based on the present financial circumstances of the parties and the child support guidelines." *Hoffman II*, 867 N.W.2d at 37. The supreme court's mandate regarding child support is controlling. The clear import of the supreme court's mandate was to determine a new child support obligation based on the parties' financial circumstances at the time of the remand hearing and to commence the new child support obligation at that time. *See In re Marriage of Davis*, 608 N.W.2d 766, 769 (Iowa 2000) ("What is contemplated in the appellate opinion by necessary implication may be considered equivalent to that clearly and expressly stated in the appellate opinion."). By making the child support award prospective only, the district court implemented the "letter and spirit" of the controlling mandate. *City of Okoboji*, 744 N.W.2d at 332. This claim of error fails.

With respect to the second claim of error, Tracy contends the district court should have nonetheless made the support obligation retroactive on equitable grounds. We disagree. As noted above, the district court must "proceed 'in accordance with the mandate and the law of the case as established on appeal.'" *Id.* (citation omitted). The supreme court's mandate was to have the new child support obligation operate only prospectively. The district court was thus barred from making the child support obligation retroactive. Further, making a support award retroactive is permissible, not mandatory, and the district court has discretion in determining whether such retroactive application is warranted. *See In re Marriage of Ober*, 538 N.W.2d 310, 313 (Iowa Ct. App. 1995). Even if we were to determine there was not a clear mandate by the supreme court, here, the

district court independently determined retroactivity was not warranted here. Tracy has not identified any abuse of discretion, and we find none.

Tracy requests an award of appellate attorney fees. "All appellate fees and costs shall be taxed to the unsuccessful party, unless otherwise ordered by the appropriate appellate court." Iowa R. App. P. 6.1207. Appellate costs do not include appellate attorney fees. Although appellate attorney fees are not awarded as a matter of right, we may award such fees as a matter of discretion. *See In re Marriage of Kurtt*, 561 N.W.2d 385, 389 (Iowa Ct. App.1997). "In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal." *Id.* Tracy was unsuccessful in her appeal. We decline her fee request.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**