# IN THE COURT OF APPEALS OF IOWA

No. 17-1817
Filed June 6, 2018

IN RE THE MARRIAGE OF SCOTT J. KRUEGER
AND ELYSE S. KRUEGER

Upon the Petition of
**SCOTT J. KRUEGER,**
        Petitioner-Appellant/Cross-Appellee,

And Concerning
**ELYSE S. KRUEGER,**
        Respondent-Appellee/Cross-Appellant.
_____

        Appeal from the Iowa District Court for Hardin County, James A. McGlynn, Judge.

        The father appeals from the district court's decree of dissolution of marriage, which awarded physical care of their children to the mother and visitation time to him.  The mother cross-appeals the calculation of child support.  **AFFIRMED AS MODIFIED AND REMANDED.**

        Judith M. O'Donohoe of Elwood, O'Donohoe, Braun & White, L.L.P., Charles City, for appellant.

        Dorothy L. Dakin and Daniel J. Johnston of Kruse & Dakin, L.L.P., Boone, for appellee.

        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Scott Krueger appeals from the decree dissolving his marriage to Elyse Krueger. He argues the district court erred in declining to grant joint physical care and in establishing the visitation schedule. Elyse requests appellate attorney fees, and she cross-appeals, claiming the district court erred in calculating child support. We find the district court's factual determinations are supported by the record, and we affirm the physical care award and the visitation schedule. We also find Elyse is entitled to partial appellate attorney fees, and we agree with her on the child support calculation. Accordingly, we affirm as modified and remand for further proceedings.

Scott and Elyse Krueger married in March 2009. The marriage produced two children. On November 16, 2016, Scott filed the petition for dissolution of marriage. Trial was held on August 22 and 23, 2017. On October 3, the district court entered the decree of dissolution, which accepted most of the parties' stipulations, granted joint legal custody of the children, placed physical custody of the children with Elyse, established a schedule for visitation with Scott, and ordered child support.

We review dissolution cases de novo, giving "weight to the trial court's factual findings, especially with respect to the credibility of the witnesses." *In re Marriage of Witten*, 672 N.W.2d 768, 773 (Iowa 2003). Questions of physical care are based upon the best interest of the child. *In re Marriage of Hansen*, 733 N.W.2d 683, 696 (Iowa 2007).

Scott claims the district court should have granted the parties joint physical care of the children. The statutory factors in Iowa Code section 598.41(3) (2016)

"as well as other facts and circumstances are relevant in determining whether joint physical care is in the best interest of the child." *Id.* After rejecting joint physical care as not being in the best interests of the children, the district court granted physical care to Elyse. It noted the strengths of each party, and it was "convinced that each parent loves their children and each parent is capable of providing the necessary nurturing for the children." The court also noted the weaknesses of each party. "Scott has demonstrated that he has a temper, that he can be controlling and that he does not consider Elyse to be a co-equal parenting authority." Elyse has "developed some history of being a vindictive parent who is willing to withhold visitation from the other parent as punishment for transgressions." The district court was in the best position to see and hear the parties first-hand, and to note each party's attitude, compassion, tone of voice, and other qualities. *See Witten*, 672 N.W.2d at 773. After reviewing the entire record, including the testimony of all witnesses, we are convinced the district court properly considered all factors in making physical care and visitation decisions in the best interest of the children. We affirm the decree regarding physical care and visitation without further opinion. Iowa Ct. R. 21.26(1)(a), (b), (d), (e).

Regarding child support, Elyse argues, and Scott agrees, the district court improperly deducted Scott's IPERS contributions when calculating his child support obligation. *See* Iowa Ct. R. 9.5(3) (allowing a deduction for "mandatory pension deductions not to exceed the current Social Security and Medicare tax rate for employees"). We agree with the parties, and we remand to the district court for the sole purpose of recalculating child support, using the income figures already submitted, without the deduction of Scott's IPERS contributions.

Finally, Elyse requests appellate attorney fees.  Appellate attorney fees are within the discretion of the appellate court.  *In re Marriage of Ask*, 551 N.W.2d 643, 646 (Iowa 1996).  "In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal."  *In re Marriage of Hoffman*, 891 N.W.2d 849, 852 (Iowa Ct. App. 2016) (quoting *In re Marriage of Kurtt*, 561 N.W.2d 385, 389 (Iowa Ct. App. 1997)).  The district court considered Scott's significantly higher income and ordered him to pay $2,500 of her attorney fees.  Due to Scott's greater income and the fact Elyse mostly prevailed on appeal, we order Scott to pay $2,500 of Elyse's appellate attorney fees as well.

**AFFIRMED AS MODIFIED AND REMANDED.**