# IN THE COURT OF APPEALS OF IOWA

No. 17-1972
Filed August 15, 2018

IN RE THE MARRIAGE OF SHELBY MAE TARRENCE
AND JOSEPH LEWIS TARRENCE

Upon the Petition of
SHELBY MAE TARRENCE,
     Petitioner-Appellee,

And Concerning
JOSEPH LEWIS TARRENCE,
     Respondent-Appellant.
_____

       Appeal from the Iowa District Court for Washington County, Joel D. Yates,

Judge.


       Joseph Tarrence appeals the physical care provision of his dissolution

decree. **AFFIRMED.**


       Constance Peschang Stannard of Johnston, Stannard, Klesner, Burbidge

& Fitzgerald, PLC, Iowa City, for appellant.

       Roger A. Huddle of Weaver & Huddle Law Office, Wapello, for appellee.


       Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Joseph (Joe) Tarrence appeals from the decree dissolving his marriage to Shelby Tarrence. He argues the district court erred in granting physical care of their children to Shelby. He asks us to award physical care to him or joint physical care and to make a corresponding change in his child support obligation. Both parties request appellate attorney fees. We find the district court's factual determinations are supported by the record and affirm the physical care award and child support calculation. We also find Shelby is entitled to partial appellate attorney fees.

Joe and Shelby Tarrence married in September 2012. The marriage produced two children.[1] Shelby filed the petition for dissolution of marriage on November 14, 2016. Trial was held on October 17 and 18, 2017. The district court entered the decree of dissolution on November 9, which states:

> [Joe] has requested joint physical [care]. The Court has considered [*In re Marriage of Hansen*, 733 N.W.2d 683 (Iowa 2007)] and the specific requirements that need to be met there, and the court finds that on that particular issue, this is not a close call, and that based on the factors set forth in [*Hansen*], joint physical [care] is not workable, nor advisable.
> In making that, the Court would point to the following: (1) Shelby has been the primary caretaker of these children; (2) Both parties acknowledge that their communication is abysmal and has deteriorated over the period of their separation, and while it needs to improve, there is simply not the communication level that would allow for joint physical [care]. And, finally, the Court concludes that based on the testimony of each of the parties, they do not share a similar parenting philosophy that would allow for joint physical [care]. Beyond that, the Court then has determined the criteria set forth in [Iowa Code section 598.41 (2017)] and determines that it is in the

---

[1] Shelby was pregnant at the time of trial. The parties agree Joe is not the father of the unborn child. The district court disestablished paternity and relieved Joe of any financial obligation for the unborn child. We do not disturb this finding.

> children's best interest for primary physical care to be awarded to Shelby, subject to the frequent and liberal visitation of Joe.
>
> In making that determination, the Court determines that is the best in terms of continuity for the children, the best in terms of stability, and relies heavily on the finding that Shelby has been their primary caretaker during their respective lifetimes.

We review dissolution cases de novo, giving "weight to the trial court's factual findings, especially with respect to the credibility of the witnesses." *In re Marriage of Witten*, 672 N.W.2d 768, 773 (Iowa 2003). Questions of physical care are based upon the best interest of the child. *Hansen*, 733 N.W.2d at 696.

The district court found both parties are "suitable parents for their children, and both are capable of providing and caring for their children." The court also found both parties had behaved poorly at times since their separation, including using inappropriate and immature language towards each other and occasionally in the presence of their children. The district court was in the best position to see, hear, and evaulate the parties first-hand. *Witten*, 672 N.W.2d at 773. After reviewing the entire record, including the testimony of all witnesses, we are convinced the district court properly considered all factors in making physical care decisions in the best interest of the children. We affirm the physical care, visitation, and child support determinations without further opinion. Iowa Ct. R. 21.26(1)(a), (b), (d), (e).

Both parties request appellate attorney fees. Appellate attorney fees are within the discretion of the appellate court. *In re Marriage of Ask*, 551 N.W.2d 643, 646 (Iowa 1996). "In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the

decision of the trial court on appeal." *In re Marriage of Hoffman*, 891 N.W.2d 849, 852 (Iowa Ct. App. 2016). We note Joe has a significantly higher income and we affirmed the district court as Shelby requested. Accordingly, we order Joe to pay $1000 of Shelby's appellate attorney fees.

**AFFIRMED.**