# IN THE COURT OF APPEALS OF IOWA

No. 18-0138
Filed December 5, 2018

**JOHNATHAN ERDMAN,**
     Plaintiff-Appellant,

**vs.**

**ELIZABETH VOPAVA, n/k/a ELIZABETH MUMFORD,**
     Defendant-Appellee.
_____

     Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.


     Johnathan Erdman appeals from the district court's order regarding his

petition for modification of child custody.  **AFFIRMED.**


     Colin McCormack of Van Cleaf & McCormack Law Firm, LLP, Des Moines,

for appellant.

     Ronald R. Rieper of Rieper Law Firm, Des Moines, for appellee.


     Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

Johnathan Erdman appeals from the district court's order regarding physical care of A.E., his child with Elizabeth Vopava, now known as Elizabeth Mumford. He argues the district court should not have continued A.E.'s physical care with Elizabeth. On our de novo review of the record, we decline to interfere with the district court's findings and ruling. We also deny Elizabeth's request for appellate attorney fees.

Johnathan and Elizabeth are the parents of A.E., who was born in 2007. While the parties never married, they have spent much of the decade-plus since A.E.'s birth in litigation over physical care. On September 11, 2013, the district court entered an order in which the parties stipulated to joint legal custody of A.E. with Elizabeth exercising physical care. On January 29, 2014, the court first modified care and visitation on the parties' stipulation. On May 13, 2015, the court again modified care and visitation, which this court affirmed as modified in *Erdman v. Vopava*, No. 15-1030, 2016 WL 1358968 (Iowa Ct. App. Apr. 6, 2016). On July 25, 2016, the district court supplemented its earlier order on remand.

On June 13, 2016, Johnathan filed the petition for modification at issue here, seeking physical care of A.E. Elizabeth resisted a change in physical care, but agreed a modification of visitation should occur to reflect her relocation back to Iowa from North Carolina. On July 18 and 19, 2017, trial was held on the matter. On September 15, the court entered its order, and Elizabeth sought to amend and enlarge. On December 21, the court entered its amended order. The court found a substantial change in circumstances to modify visitation based on Elizabeth's

move back to Iowa. However, the court denied Johnathan's petition to modify physical care, concluding:

> Johnathan has not shown a superior ability to care for A.E. in comparison with the ability of Elizabeth. Such a superior ability is required before the Court can begin to consider a change in custody of a child. The best interest of A.E. requires that A.E. remain in the primary care of Elizabeth. A.E. is presently grounded in her residence and in her school and other activities. At this point in her life any change would be significant and could produce more harm than good. Continuity and stability is important for the development of a child. Nevertheless, any attempts at all by Elizabeth to interfere with the relationship between A.E. and Johnathan could ultimately result in a change of primary care. At present, however, the evidence is insufficient to allow for such a change and it would not be in the best interest of A.E.

The court ultimately retained physical care with Elizabeth and modified visitation to better suit the proximity of the parties. Johnathan appeals, seeking physical care.

We review a petition to modify physical care de novo. *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015). "Although we make our own findings of fact, 'when considering the credibility of witnesses the court gives weight to the findings of the trial court' even though we are not bound by them." *Id.* (quoting *In re Marriage of Udelhofen*, 444 N.W.2d 473, 474 (Iowa 1989)). In order to modify physical care provisions,

> the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children. A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being.

*Hoffman*, 867 N.W.2d at 32 (quoting *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983)).  A parent seeking to modify physical care faces a heavy burden because "once custody of children has been fixed it should be disturbed only for the most cogent reasons."[1]  *Id.* (quoting *Frederici*, 338 N.W.2d at 158).

On our review of the record, we agree with the district court that the parties "appear to be very good parents who love A.E. very much."  However, we also agree and underscore the previous findings that the parties have a very poor relationship and typically use third-parties to communicate.  The record reflects the district court's concern, "that Elizabeth has at times made it exceedingly difficult for Johnathan to have a meaningful relationship with A.E."  But the concern runs both directions, as  the text messages in the record show Johnathan has been less than cooperative and respectful with Elizabeth at times as well.  Aside from all the parental drama, Elizabeth provides a loving and stable home for A.E.  Johnathan has not carried his burden to provide cogent reasons for disturbing this arrangement and moving A.E. into his care in a different city and school district.  *See id.*  Therefore, we agree Johnathan not has proven he can minister more effectively to A.E.'s well-being.  *See id.*  We affirm without further opinion the placement of physical care with Elizabeth.  Iowa Ct. R. 21.26(1)(a), (b), (d), (e).

Elizabeth requests appellate attorney fees.  Appellate attorney fees are within the discretion of the appellate court. *In re Marriage of Ask*, 551 N.W.2d 643, 646 (Iowa 1996). "In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to

---

[1] The parties agree with the district court's finding of a substantial change of circumstances warranting some modification.

pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal." *In re Marriage of Hoffman*, 891 N.W.2d 849, 852 (Iowa Ct. App. 2016) (quoting *In re Marriage of Kurtt*, 561 N.W.2d 385, 389 (Iowa Ct. App. 1997)). Although successful in defending the district court's decision, awarding appellate attorney fees is not warranted.

**AFFIRMED.**