# IN THE COURT OF APPEALS OF IOWA

No. 19-0729
Filed March 4, 2020

**JONATHAN W. HANIG,**
　　　　Plaintiff-Appellee,

**vs.**

**BRITTANY MAE WALKER,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Hancock County, Rustin T. Davenport, Judge.

Brittany Walker appeals the order denying her petition to modify physical care of her child with Jonathan Hanig. **AFFIRMED.**

Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, P.C., West Des Moines, for appellant.

Megan R. Rosenberg of Cady & Rosenberg Law Firm, P.L.C., Hampton, for appellee.

Considered by Greer, P.J., Ahlers, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**VOGEL, Senior Judge.**

Brittany Walker appeals the district court's order denying her application to modify physical care of J.H., her child with Jonathan Hanig. She argues the district court should have recognized there was a substantial change in circumstances and placed physical care of J.H. with her. We agree with the court's denial of her application, and we deny both parties' requests for appellate attorney fees.

J.H. was born in 2012. Having never married each other, Hanig previously filed a petition to establish custody and care of J.H. On June 30, 2016, the district court entered its decree granting the parties joint legal custody, placing physical care with Hanig, and ordering visitation with Walker.

On November 9, 2017, Walker filed her petition for modification, seeking physical care of J.H. After a trial held on December 13 and 14, 2018, the district court issued its order on March 15, 2019, finding Walker failed to show a substantial change in circumstances or that she could provide superior care. The court also denied her motion to reconsider. She now appeals.

We review modification actions de novo. *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015). "Although we make our own findings of fact, 'when considering the credibility of witnesses the court gives weight to the findings of the trial court' even though we are not bound by them." *Id.* (quoting *In re Marriage of Udelhofen*, 444 N.W.2d 473, 474 (Iowa 1989)). To modify physical care,

> the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the [child's] best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the [child]. A

parent seeking to take custody from the other must prove an ability to minister more effectively to the [child's] well being.

*Id.* (quoting *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983)).

In denying Walker's petition, the court reached the following conclusions:

> Here the Court does not find that there has been a material and substantial change of conditions that justifies a change in primary physical care. Hostility remains between Hanig and Walker.[1] Hanig has not fully included Walker as much as he should in receiving input from her regarding decisions of where [J.H.] should go to school and in which extracurricular activities [J.H.] should be involved. He could be more supportive of Walker as [J.H.'s] mother. Hanig, on the other hand, has demonstrated efforts to co-parent with Walker. There was a lack of evidence that [J.H.] has suffered in Hanig's care.
>
> [J.H.'s] behavior has improved while in Hanig's care. . . . [J.H.] has thrived in Hanig's care.
>
> The hostility between the parties remains a concern. However, that is not a change of circumstance. The Court continues to believe that Hanig will do a better job of making sure that both parents are involved in [J.H.'s] life than would Walker.
>
> The Court also finds that Walker has not demonstrated she can provide superior care. As noted, [J.H.] is thriving with the care being provided by Hanig. Hanig continues to demonstrate the greater stability in his life. Just as Walker introduced unflattering evidence concerning Hanig, Hanig presented negative evidence concerning Walker. A change in primary physical care would not change the difficulties between Hanig and Walker.

Walker asserts Hanig's failures to communicate and support J.H.'s relationship with her constitute a change in circumstances. However, the court was well aware of the parties' difficulties in communicating and co-parenting when it entered the initial decree, which notes "both parties acted inappropriately towards each other." As the modification court found, "hostility remains" between the

---

[1] The record includes several audio recordings both parties made, often during exchanges of J.H. These recordings generally support the district court's credibility assessments and observations as to the relationship between the parties. *See Hoffman*, 867 N.W.2d at 32 (considering, without being bound by, the district court's factual findings).

parties. On our de novo review of the record, we agree that Walker did not carry her heavy burden of proving a material and substantial change of circumstances that was not "contemplated by the court when the decree was entered." *Hoffman*, 867 N.W.2d at 32. We affirm the denial of Walker's petition without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (b), (d), (e).

Both parties request appellate attorney fees. Appellate attorney fees are within the discretion of the appellate court. *In re Marriage of Ask*, 551 N.W.2d 643, 646 (Iowa 1996). "In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal." *In re Marriage of Hoffman*, 891 N.W.2d 849, 852 (Iowa Ct. App. 2016) (quoting *In re Marriage of Kurtt*, 561 N.W.2d 385, 389 (Iowa Ct. App. 1997)). We decline to award appellate attorney fees. We assess costs to Walker.

**AFFIRMED.**