# IN THE COURT OF APPEALS OF IOWA

No. 20-0741
Filed March 3, 2021

**DEREK JAMES CHARLES,**
        Petitioner-Appellant,

**vs.**

**RACHEL HOUSEAL,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, Tamra Roberts, Judge.


        Derek James Charles appeals the denial of his petition to modify child custody.  **AFFIRMED AND REMANDED.**


        James R. Hinchliff of Shindler, Anderson, Goplerud & Weese, P.C., West Des Moines, for appellant.

        Jennie L. Clausen and Ryan M. Beckenbaugh of H.J. Dane Law Office, Davenport, for appellee.


        Considered by Doyle, P.J., and Tabor and Ahlers, JJ.

**DOYLE, Presiding Judge.**

Derek Charles and Rachel Houseal are the parents of A.M.C., born in 2013. In September 2016, Derek petitioned to establish his paternity and the child's custody and support. The parties agreed on those issues and stipulated to joint legal custody of the child with Rachel receiving physical care. In April 2017, the district court entered a decree approving the stipulation.

In February 2019, Derek petitioned to modify child custody, alleging a substantial change in circumstances had occurred since the decree's entry and asking the court to grant him physical care of the child. Both parties asked the court for an award of attorney fees. At the close of Derek's case-in-chief, the court granted Rachel's motion for "directed verdict" and dismissed the action, finding that Derek failed to show a substantial change in circumstances. The court also ordered Derek to pay Rachel $10,000 in attorney fees. The court enlarged its ruling to modify the child support provisions of the parties' decree, increasing the amount of Derek's child support from the $623.59 the parties agreed on in 2017 to $694.57, the amount calculated under the child support guidelines.

Derek appeals the denial of his petition to modify child custody, challenging the directed verdict and the court's finding that he failed to prove a substantial change in circumstances. He also challenges the award of Rachel's attorney fees. Rachel asks us to award her appellate attorney fees.

We review the modification order de novo. *See Thorpe v. Hostetler*, 949 N.W.2d 1, 4 (Iowa Ct. App. 2020). Although they are not binding, we give weight to the district court's fact-findings, especially those about witness credibility. *See id.* at 5. To modify the custody provisions of a decree, the moving party must prove

by a preponderance of the evidence a material and substantial change in circumstances has occurred since the decree was entered. *See id.* If this burden is met, the moving party "must prove an ability to minister more effectively to the child[]'s well being." *Id.* (citation omitted).

We first address Derek's claim that the district court erred by granting a directed verdict. He argues the order was premature, noting our supreme court has cautioned that "in most cases it will be prudent not to consider a motion for directed verdict until all evidence has been presented." *Royal Indem. Co. v. Factory Mut. Ins. Co.*, 786 N.W.2d 839, 846 (Iowa 2010). The modification action was tried to the bench rather than a jury, and thus the proper characterization of the motion is one to dismiss. *See Iowa Coal Min. Co. v. Monroe Cty.*, 555 N.W.2d 418, 438 (Iowa 1996) (noting a motion for directed verdict in an action tried to the court should have been designated as a motion to dismiss, but the misnomer was not material as "a motion to dismiss during trial is equivalent to a motion for directed verdict"). A party may move for dismissal after the adverse party rests. *See* Iowa R. Civ. P. 1.945. The question is whether, viewing the evidence in the light most favorable to the nonmoving party, substantial evidence supports each element of the cause of action. *See Bellville v. Farm Bureau Mut. Ins. Co.*, 702 N.W.2d 468, 472-73 (Iowa 2005).

The district court found Derek failed to meet his burden of showing a substantial and material change in circumstances has occurred since the original decree was entered. There is evidence of discord between these parents, which can amount to a substantial change in circumstances if it has a disruptive effect on the child's life. *See Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa Ct. App. 2002).

But the court noted that despite this conflict, the child is doing well physically, mentally, and academically. We agree that the discord here does not rise to a level that amounts to a substantial change in circumstances. *See In re Marriage of Mikelson*, 299 N.W.2d 670, 673 (Iowa 1980) (noting the children "are relatively well adjusted in spite of the tension and conflict between their parents" in affirming the trial court's finding that any change in circumstances did not rise to the level required for modification). Because Derek has failed to meet his burden of proving a substantial change in circumstances, we affirm.

Derek also challenges the award of Rachel's attorney fees. We review the district court's award of attorney fees for an abuse of discretion. *See In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). An award of attorney fees depends on the respective abilities of the parties to pay. *See id.* The record shows Derek earns about twice as much per year as Rachel. We find no abuse of discretion in ordering Derek to pay $10,000 of the $15,775 Rachel incurred in attorney fees through trial.

Rachel asks for an award of $5000 in appellate attorney fees. In determining whether to award appellate attorney fees, we consider whether the party requesting an award of appellate attorney fees needed to defend on appeal. *See In re Marriage of Hoffman*, 891 N.W.2d 849, 852 (Iowa 2016). Given the earnings disparity and the fact that Rachel prevailed, we conclude she is entitled to attorney fees for defending the appeal. But she has not provided an affidavit of attorney fees with documentation to support her request. So we remand to the district court to determine the amount of Rachel's appellate attorney fee award. *See, e.g.*, *Markey v. Carney*, 705 N.W.2d 13, 26 (Iowa 2005) ("[U]nder our current

practice, the issue of appellate attorney fees is frequently determined in the first instance in the district court because of the necessity for making a record." (citation omitted)).

**AFFIRMED AND REMANDED.**