# IN THE COURT OF APPEALS OF IOWA

No. 20-0712
Filed April 14, 2021

IN RE THE MARRIAGE OF MAYLIN REVEROL
AND LUIS A. REVEROL, JR.

Upon the Petition of
MAYLIN REVEROL,
  Petitioner-Appellant,

And Concerning
LUIS A. REVEROL, JR.,
  Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.


Maylin Reverol appeals the child custody provisions of the decree dissolving

her marriage to Luis Reverol. **AFFIRMED.**


Julio C. Gomez of Argueta & Gomez Law, Des Moines, for appellant.

Jeffrey A. Kelso of Cunningham & Kelso, P.L.L.C., Urbandale, for appellee.


Considered by Bower, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Maylin Reverol appeals the child custody provisions of the decree dissolving her marriage to Luis Reverol. She contends it is in the children's best interests to grant her physical care. Because dissolution actions are tried in equity, we review her claim de novo. *See In re Marriage of Mauer*, 874 N.W.2d 103, 106 (Iowa 2016).

Our first and governing consideration in determining physical care is the children's best interest. *See* Iowa R. App. P. 6.904(3)(o). Our objective "is to place the children in the environment most likely to bring them to health, both physically and mentally, and to social maturity." *In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007). In making this determination, we are guided by the factors set forth in Iowa Code section 598.41(3) (2019), and those identified in *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). *See Hansen*, 733 N.W.2d at 696 (stating the custodial factors in section 598.41(3) apply equally to physical care determinations). "[T]he courts must examine each case based on the unique facts and circumstances presented to arrive at the best decision." *Id.* at 700.

In considering which parent to grant physical care, the district court found both Maylin and Luis are capable parents. It described them as "loving and caring parents" who "attend to the children's needs and are active in their schooling and outside activities and interests." The court noted that each had occasion to serve as the children's primary physical caregiver and both "properly and lovingly took on the responsibility." It observed that the children appeared to be doing "very well" overall; they were doing well in school, were involved in activities with their parents, and appeared to have "close and nurturing" relationships with their parents. The court found that both Maylin and Luis could provide physical homes

for the children that "are more than adequate." And it found that Maylin and Luis "[had] been very good at cooperating and coordinating care for the children during the time prior to this trial."

Ultimately, the court determined that it is in the children's best interests to grant Luis physical care. The district court expressed concern about granting physical care to Maylin, noting that "[t]he documented accounts of assaultive and aggressive conduct by Maylin toward Luis is not conducive to a good environment for the children." And because Maylin demonstrated a lack of respect and trust for Luis, the court expressed concern over Maylin's willingness to support Luis's relationship with the children. These factors tipped the balance in favor of Luis.

In arguing for physical care, Maylin reiterates the serious concerns she voiced at trial about Luis's ability to care for and protect the children. But the court explicitly found her accusations are not credible or supported by credible evidence. Though we are not bound by these findings, we give them great weight. *See In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013); *see also* Iowa R. App. P. 6.904(3)(g). As our supreme court has observed,

> There is good reason for us to pay very close attention to the trial court's assessment of the credibility of witnesses. A trial court deciding dissolution cases "is greatly helped in making a wise decision about the parties by listening to them and watching them in person." In contrast, appellate courts must rely on the printed record in evaluating the evidence. We are denied the impression created by the demeanor of each and every witness as the testimony is presented.

*In re Marriage of Vrban*, 359 N.W.2d 420, 423 (Iowa 1984) (internal citation omitted).

Some of Maylin's concerns stem from disabilities related to Luis's active duty service in the Marine Corps. Luis testified that he has a knee injury, scar tissue in his airways, and post-traumatic stress disorder, for which he receives weekly "physical therapy and mental therapy" from the Veteran's Administration. Maylin argues, "The amount of time Luis spends treating himself impacts how much time Luis has available to attend to the children." But Luis testified that his twice weekly therapy sessions are usually in the morning or early afternoon when his children are in school. Maylin also notes Luis had suicidal thoughts as recently as September 2019. Luis testified these thoughts occurred after losing his job, his marriage, and his mother in a short period of time. But Luis testified that a safety plan was put in place at that time. He also testified that he follows all of his treatment recommendations and that therapy has been very helpful. As the district court noted, "There is no attempt of suicide documented in the evidence presented." And the record is devoid of evidence that Luis's mental health has harmed the children.

We share the same concerns as the district court regarding Maylin's unfounded accusations regarding Luis and her aggression toward him. Because the evidence shows Luis is better able to provide for the children's best interests, we affirm the custody provisions of the decree.

Luis seeks an award of $5000 in appellate attorney fees. In deciding whether to award appellate attorney fees, we consider the needs of the requesting party, the ability of the other party to pay, and whether the requesting party had to defend the district court's decision on appeal. *See In re Marriage of Hoffman*, 891 N.W.2d 849, 852 (Iowa 2016). The record shows that at the time of trial, Luis's

annual income exceeded Maylin's by more than $17,500. The parties received equal shares of the property distribution with little more in assets than in liabilities. The court ordered Luis to pay Maylin an equalization payment of $4974.50 and ordered Maylin to pay Luis $674.01 per month in child support. It also ordered each party to pay their own trial attorney fees and taxed costs of the action to Maylin. Considering Luis's needs and Maylin's ability to pay, we decline to award appellate attorney fees. We tax costs of the appeal to Maylin. *See* Iowa R. App. P. 6.1207 ("All appellate fees and costs shall be taxed to the unsuccessful party, unless otherwise ordered by the appropriate appellate court.").

**AFFIRMED.**