# IN THE COURT OF APPEALS OF IOWA

No. 20-1369
Filed March 2, 2022

IN RE THE MARRIAGE OF LINDA ELIZABETH ROSSOW
AND DANIEL MICHAEL ROSSOW

Upon the Petition of
LINDA ELIZABETH ROSSOW,
        Petitioner-Appellee,

And Concerning
DANIEL MICHAEL ROSSOW,
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan,

Judge.

        Daniel Rossow appeals and Linda Rossow cross-appeals the ruling on

Linda's application to modify the child custody and visitation provisions of the

decree dissolving their marriage.  **AFFIRMED IN PART, REVERSED IN PART,**

**AND REMANDED.**

        David Arthur Weick of Borseth Law Office, Altoona, for appellant.

        Elizabeth Kellner-Nelson of Kellner-Nelson Law Firm, P.C., West Des

Moines, for appellee.

        Considered by May, P.J., Ahlers, J., and Doyle, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**DOYLE, Senior Judge.**

Daniel Rossow appeals and Linda Rossow cross-appeals the ruling on Linda's application to modify the physical care and visitation provisions of the decree dissolving their marriage. Daniel contends the district court erred by modifying the decree's visitation schedule. Linda contends the district court erred by denying her request to modify the decree to grant her physical care of their three children.

## I.      Background Facts and Proceedings.

The district court entered the parties' dissolution decree in November 2016. It ordered joint legal custody of the children. Concerned about Linda's potential to deny the children the opportunity for maximum continued contact with their father without just cause, the court granted physical care to Daniel. Although the decree affords the parties the ability to agree to their own visitation schedule, the default schedule grants Linda visitation in alternating weekends (beginning Friday after school or 3:00 p.m. to Sunday at 6:00 p.m.) and an overnight visit every Wednesday. This court affirmed the physical-care provisions of the decree following Linda's appeal. *See In re Marriage of Rossow*, No. 16-2101, 2017 WL 3525300, at *1 (Iowa Ct. App. Aug. 16, 2017).

Later, Linda alleged Daniel violated the custody provisions of the decree by failing to communicate and consult her about the children's extracurricular activities, medical appointments, and school conferences. Daniel also failed to include Linda as a secondary household when registering the children for school. In April 2018, the district court found Daniel in contempt for each of these violations of the decree.

In August 2019, Linda applied to modify the decree provisions relating to physical care and visitation.[1]  She requested physical care of the children, and in the alternative, requested the parenting schedule be modified to award her extended visitation.  She alleged "Daniel continues to violate the joint legal custody provisions of the [decree] by not communicating pertinent information to Linda.  Moreover, the children are struggling with the current parenting arrangement which has a negative effect on their behaviors at school interactions with peers."  After a trial, the district court found that Linda failed to meet her high burden to modify physical care.  But it found Linda met the lower burden for modifying the visitation schedule, and it added a second overnight visit every Thursday.  Coupled with the alternating weekend visitation, the modified visitation schedule puts the children in Linda's care from Wednesday afternoon until Monday morning one week and from Wednesday afternoon to Friday morning the next.

## II.     Modification.

We review the modification order de novo and give weight to the district court's findings, although they do not bind us.  *See Thorpe v. Hostetler*, 949 N.W.2d 1, 4-5 (Iowa Ct. App. 2020).  To modify the physical care provisions of a dissolution decree, the court must find there has been

> a *substantial change in circumstances* since the time of the decree not contemplated by the court when the decree was entered, which is more or less permanent and relates to the welfare of the child.  The parent seeking to change the physical care from the primary custodial parent to the petitioning parent has a heavy burden and must show the ability to offer superior care.

---

[1] Linda also petitioned to modify her child support obligation.  The district court granted the request, but it is not at issue on appeal.

*In re Marriage of Brown*, 778 N.W.2d 47, 51 (Iowa Ct. App. 2009) (citation omitted). In contrast, the parent seeking to change visitation has a "less demanding burden" that requires "a much less extensive change in circumstances." *Id.* (citation omitted). The court may modify visitation if "there has been a *material change in circumstances* since the decree and that the requested change in visitation is in the best interests of the children." *Id.* at 51-52 (citation omitted).

The question of whether a material and substantial change in circumstances warrants modification of physical care is a close one, as reflected in the district court's thorough and well-reasoned ruling. In it, the court addressed each of Linda's complaints about Daniel's failures to allow her equal participation as joint legal custodian. To set forth the specifics would serve no useful purpose here. The court found fault with both parents, pinpointing the source of turmoil between the parties as "their dislike of each other, which creates communication issues, which lead to disputes."

Even after being found in contempt, Daniel's actions continued to be an ongoing issue between the parties. His attitude toward the contempt finding is troubling. In a text exchange over a dispute over dental appointments for the children, Linda referenced the contempt finding to which Daniel responded, "Yes, by a biased judge who has since retired. I have a much better attorney now, so if you want to let a judge decide what dentist and what doctor our kids go to, by all means [let's] file the paperwork so we can get care for our children." And during his testimony at the modification hearing, Daniel once again opined "[t]here was a certain amount of bias leaking through" the comments made by the contempt judge.

The district court found that while Daniel "relies on a strict interpretation of the decree when it comes to parenting time he fails to adhere to unambiguous language of the decree" that provides "both parents shall participate equally in the rights and responsibilities of legal custodians, including, but not limited to, decisions affecting the children's legal status, medical care, education, extracurricular activities, and religious training." The court found Daniel's actions did not carry out the intent of this provision of the decree. While the court observed that two of the children "do not appear to be impacted by the parents' inability to communicate or co-parent," the evidence showed that one child has been affected by the discord between these parents. That child had behavioral and academic issues at school. Although both parents recognized the child needed therapy services, the court found Daniel's "testimony on this issue demonstrates an unwillingness to recognize and address a serious developmental issue." The district court tried to address that concern by ordering an evaluation to determine whether that child needs therapy. We affirm this provision of the order. But the court found that Linda failed to meet her burden of proving a substantial and material change in circumstances.

The court also modified the visitation provisions of the parties' decree to help maximize the children's contact with both parents, reasoning it would "carry out the legislature's intent to maximize the children's opportunity to foster the relationship with their mother."

The result leaves both parties dissatisfied. Daniel challenges the modification of the visitation schedule (which resulted in the parties receiving equal parenting time), arguing that the district court effectively modified physical care

despite Linda's failure to meet the heavy burden required to modify physical custody. Linda challenges the denial of her request to change the decree's physical care provisions, arguing that she has met the higher burden required to modify physical care and can provide the children with superior care.

On our de novo review, we conclude a material and substantial change in circumstances warrants modifying physical care. The district court was "not convinced the antagonism between the parents constitutes a cogent reason for modifying the custody arrangement at this time." But it found that Daniel's inability to follow the decree may become a material and substantial change in circumstances warranting a modification of physical care if he continued to disregard Linda's rights. The custody provisions of the decree are clear on Daniel's duties as the children's physical caretaker. After finding Daniel guilty on four counts of contempt for violating those provisions of the decree, the court was more explicit about those duties. Still, Daniel continued to disregard these duties. There is no need to wait for another, and inevitable, contempt action to establish a material and substantial change in circumstances. That point was reached when Daniel continued to disregard of his duties after being found in contempt.

When the decree was entered, the court questioned "whether Linda is capable of separating her personal animosity toward Daniel to act in the best interests of the children" while finding credible Daniel's claim "that he tried to remain positive and supportive about Linda in front of the children." *Rossow*, 2017 WL 3525300, at *5. The situation between the parties four years later is much different and constitutes a material and substantial change in circumstances that warrants modifying the custody provisions of the decree.

Given the changes since entry of the decree, we believe Linda can offer the children superior care. The record shows Linda keeps informed as to the children's school issues and, when there are problems, she tries to address them, including reaching out to Daniel to seek his input and assistance. Daniel tends to either ignore Linda's efforts, use the communication as an opportunity to blame or badmouth Linda, or respond with a "kids will be kids" philosophy. While a "kids will be kids" philosophy may be appropriate for some children's issues, as no one parenting philosophy is the "right one," several issues Linda has raised warranted a response and some action by the parents. Linda's efforts to engage Daniel in discussions on these issues reflects positively on her parenting ability and the father's refusal to so engage reflects negatively on his.

One of the children has had issues with falling asleep in class when Daniel has the children. This issue is consistent with the testimony that Daniel does not maintain a bedtime for the children. Again, while different parenting philosophies may be fine, when they negatively impact a child's school work, the philosophy reflects poorly on the parent's ability to be the "superior care" parent. And the children are repeatedly reported as tardy when in Daniel's care. Such is not the case when they are in Linda's care.

We accordingly reverse the modification ruling to grant Linda physical care of the parties' children. We remand to the district court to determine an appropriate visitation schedule and Daniel's child support obligation based on the present financial circumstances of the parties and the child support guidelines. *See In re Marriage of Harris*, 877 N.W.2d 434, 445 (Iowa 2016). We affirm the last four paragraphs of the district court's order.

To provide some guidance to the district court in setting Daniel's parenting time schedule on remand, we note that we find joint physical care unsuitable for these parents and not in the children's best interests because the parents cannot communicate effectively and their hostility toward each other. As a result, in setting Daniel's parenting time schedule on remand, the district court should be mindful not to create a visitation schedule that, in practical effect, results in joint physical care, and to establish a schedule that appropriately reflects Linda's "right and responsibility to maintain a home for the minor child[ren] and provide for the routine care of the child[ren]." *See* Iowa Code section 598.1(7) (2019) (defining "physical care").

Both parties seek an award of their appellate attorney fees. In deciding whether to award appellate attorney fees, we consider the needs of the requesting party, the ability of the other party to pay, and whether the requesting party had to defend the district court's decision on appeal. *See In re Marriage of Hoffman*, 891 N.W.2d 849, 852 (Iowa 2016). We decline to award attorney fees. Court costs are taxed equally to the parties.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**