# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-1901
Filed February 11, 2026

———————————

**In re the Marriage of Heather Rae Darling**

**and Michael Jonathan Leahey**

Upon the Petition of
**Heather Rae Darling,**
Petitioner–Appellee,

And Concerning
**Michael Jonathan Leahey,**
Respondent–Appellant.

———————————

Appeal from the Iowa District Court for Dallas County,
The Honorable Michael Jacobsen, Judge.

———————————

**AFFIRMED**

———————————

Elizabeth Kellner-Nelson of Kellner-Nelson Law Firm, P.C.,
West Des Moines, attorney for appellant.

J.D. Hartung and Suzane L. Woollums of Hartung Schroeder Law Firm,
Des Moines, attorneys for appellee.

———————————

Considered without oral argument
by Ahlers, P.J., and Chicchelly and Sandy, JJ.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

Michael Leahey appeals the property division set out in the decree dissolving his marriage to Heather Darling. He challenges the exclusion of Heather's inherited property from the overall property division, arguing that his marital contributions increased the value of the inherited property. Because the record does not show Michael contributed to the increase in the property's value and excluding it from the overall property division is not unjust, we affirm.

## I. BACKGROUND FACTS AND PROCEEDINGS.

Michael and Heather married in 2011 and have three minor children who are not at issue on appeal. Michael is a supervisory special agent in charge of criminal investigations at the Internal Revenue Service, earning a salary of $160,000. Heather earned $148,000 in 2023 but was laid off the next year. She now works at Kemin Industries, earning a salary of $90,000.

In August 2023, Heather petitioned to dissolve the marriage. She and Michael reached agreements on some matters, like child custody. The court held a trial to decide the remaining issues. One of those issues involved a dispute over the property that would be divided, which included Michael's retirement accounts and property inherited by Heather.

As a Federal employee, Michael has a Federal Employee Retirement System (FERS) pension and contributes to the Thrift Savings Plan (TSP). His TSP account was valued at $1,189,449 at the time of trial. Michael contributed $142,974 to the TSP account before marriage.

Heather has an interest in two farm properties she inherited from her family. She inherited eighty acres jointly with her sister when her father died in 2002. Because the sisters split the land, Heather owns forty of those acres.

She earns about $11,000 in annual income from this property, which she deposited in the parties' joint bank account during the marriage.

Heather also has a future interest in a 156-acre century farm, which she inherited from her grandmother in 2018. Heather's aunt has a life estate that provides her with use of the land and all profits derived from it during her life. Michael estimates that once Heather owns the land, she will receive about $80,000 per year in income from it.

In October 2024, the district court entered the decree dissolving the parties' marriage. It removed Michael's premarital contribution to the TSP account from the parties' divisible assets and divided the rest, awarding Michael $600,593 and Heather $445,882. The court also divided Michael's FERS pension using the *Benson* formula.[1] It excluded Heather's inherited property from the overall property division.

## II. SCOPE OF REVIEW.

We review dissolution proceedings de novo. *In re Marriage of Mauer*, 874 N.W.2d 103, 106 (Iowa 2016). We give weight to the district court's fact findings although they are not binding. *Id.*

## III. DISCUSSION.

Michael challenges the property division set out in the decree, arguing that his marital contributions increased the value of Heather's inherited

---

[1] *See In re Marriage of Benson*, 545 N.W.2d 252, 254–55 (Iowa 1996) (en banc) (describing "the percentage method" for allocating a defined benefit pension using the number of years an employee accrued pension benefits during the marriage in relation to the total years of accrued benefits at maturity).

property,[2] which should be recognized in the property award. He proposes two ways to recognize this contribution. First, he asks us to award him his entire FERS pension. In the alternative, he seeks an award of one-half of the value that Heather's inherited property appreciated during the marriage, which he calculates to be $483,750. To effectuate this, Michael asks us to cut the $445,882 the court awarded Heather from his TSP account and award him the account in its entirety.

Iowa courts divide marital property equitably based on the factors outlined in Iowa Code section 598.21(5) (2023). *In re Marriage of McDermott*, 827 N.W.2d 671, 678 (Iowa 2013). We first identify and value the assets subject to division. *Id*. Premarital property may be divided as ownership of property before marriage is but one factor for the court to consider in deciding what is fair. *Id*. In contrast, inherited property and gifts given to one party cannot be included in the property division unless awarding the property to one spouse would be unjust. *Id*. at 678–79. In deciding whether inherited property should be included in the division, we consider:

> (1) contributions of the parties toward the property, its care, preservation or improvement;
>
> (2) the existence of any independent close relationship between the donor or testator and the spouse of the one to whom the property was given or devised;
>
> (3) separate contributions by the parties to their economic welfare to whatever extent those contributions preserve the property for either of them;
>
> (4) any special needs of either party;

---

[2] Michael argues that in 2018, forty acres of farmland had a value of $331,500, while the century farmland had a value of $1,275,000. He claims that these amounts increased to $507,000 and $2,067,000 respectively at the time of trial.

> (5) any other matter, which would render it plainly unfair to a spouse or child to have the property set aside for the exclusive enjoyment of the donee or devisee.

*Id*. at 679 (cleaned up).

We are not persuaded by Michael's claims that Heather's inherited property should be included in the property division based on any increase in its value. The question is whether the appreciation in the property's value "was fortuitous or due to the efforts of the party." *In re Marriage of Richards*, 439 N.W.2d 876, 882 (Iowa Ct. App. 1989). Michael did not contribute labor or money to increase the value of the property. *See, e.g.*, *In re Marriage of Calhoun*, No. 13-0697, 2014 WL 250240, at *3 (Iowa Ct. App. Jan. 23, 2014) (awarding a husband part of the increased value of a wife's gifted farmland because the undisputed evidence showed he "made contributions to the farmland by expending money and labor improving the property— improvements which increased the value"). His claim is based on his involvement in discussions about whether to sell the land or convert it to organic farmland. Michael also argues that he should be awarded some of the increased value based on negotiating the farming lease with the tenants, though the tenants were family friends who agreed to pay the market rate. The evidence does not show that Michael contributed to the increase in the value of Heather's inherited property. Considering the disparity in the parties' earnings, it is not unjust to exclude Heather's inherited property from the property division.

## IV. APPELLATE ATTORNEY FEES.

Heather requests that we award her $15,000 in appellate attorney fees. We do not award appellate attorney fees as a matter of right. *McDermott*, 827 N.W.2d at 687. In deciding whether to award appellate attorney fees, we

consider the needs of the requesting party, the ability of the other party to pay, and whether the requesting party had to defend the district court's decision on appeal. *See In re Marriage of Hoffman*, 891 N.W.2d 849, 852 (Iowa 2016).

Michael argues against awarding Heather appellate attorney fees, noting that the district court awarded her $15,000 in trial attorney fees.[3] He also claims that Heather admitted she could pay her own attorney fees.

Based on the merits of the appeal and Heather's defense of the district court's decision, we order Michael to pay $7,500 of Heather's appellate attorney fees.

**AFFIRMED.**

---

[3] Although Michael complains that Heather charged over $9,000 of her trial attorney fees to a credit card that was calculated as a joint debt in the overall property distribution, he does not challenge the award of trial attorney fees or the division of the credit card debt on appeal.